NO. 07-01-0338-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

AUGUST 22, 2001 

______________________________

IN RE: JOHANSON LEE WATSON, RELATOR

_________________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Pending before this court is the “Motion for Leave for Permission to File a Petition for Writ of Mandamus” filed by Johanson Lee Watson, relator.  Although the motion purports to be a motion for leave to file a petition for writ of mandamus, the motion contains a prayer for relief requesting this Court to “grant this petition for writ of mandamus.”  Relator’s motion was not accompanied by a petition for mandamus. Because relator’s motion requests that this Court grant his petition for mandamus, we construe relator’s motion to be a petition for mandamus.  We deny the petition as it fails to meet the requirements of an original proceeding pursuant to Texas Rule of Appellate Procedure 52.3.  Relator failed to file a certified or sworn copy of the order complained of or any other document showing the matter of which he complains.  
Tex. R. App. P.
  52.3(j)(A).  Furthermore, the form referenced in Tex. R. App. P. 52.3(a) through (i) is required in an original petition.  Relator failed to follow rule 52.3 with regard to both form and content.

Accordingly, we deny relator’s application for relief which he has entitled “Motion for Leave for Permission to File a Petition for Mandamus.”  

Phil Johnson

    Justice

Do not publish.

hat he “seeks to depose Mr. Warren L. Clark, in order to investigate a potential claim arising out of the trial of Petitioner. . ., wherein the deponent may have committed legal malpractice resulting from his representation of Petitioner.”  

Rule 202 of the Texas Rules of Civil Procedure permits the taking of a deposition to either perpetuate or obtain testimony for use in anticipation of suit, or to investigate a potential claim or suit.
  Tex. R. Civ. P.
 202.1 (a)-(b) (Vernon Supp. 2005).  The ruling of a trial court is a final appealable order if the deposition sought is against a third party against whom suit is not contemplated.  
IFS Security Group, Inc. v. Am. Equity Ins.
, 175 S.W.3d 560, 563 (Tex.App.–Dallas 2005, no pet.); 
Thomas v. Fitzgerald
, 166 S.W.3d 746, 747 (Tex.App.–Waco 2005, no pet.).  On the other hand if the request for discovery is sought from a person against whom there is a suit contemplated or pending, the ruling of the trial court is interlocutory.  
IFS Security Group
, 175 S.W.3d at 563; 
Thomas
, 166 S.W.3d at 747.  In this case the record clearly demonstrates that appellant is seeking discovery from his former lawyer with an intent to file a legal malpractice case and, accordingly, the order of the trial court is interlocutory in nature.

Our jurisdiction over interlocutory appeals is specified by statue.  
Stary v. DeBord
, 967 S.W.2d 352, 352-53 (Tex. 1998).  There is no statute authorizing interlocutory appeal from an order denying a deposition against a person suit is contemplated against; therefore, we have no jurisdiction over this appeal.  The appeal is dismissed for want of jurisdiction.        

Mackey K. Hancock

        Justice