Dismissed and Opinion filed December 5, 2002









Dismissed and Opinion filed December 5, 2002.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-01183-CV

NO. 14-02-01184-CV

____________

 

NATHAN DALE CAMPBELL, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 180th District Court

Harris County, Texas

Trial
Court Cause Nos. 727,765 & 729,925

 



 

M
E M O R A N D U M   O P I N I O N








On April 28, 1997, after a bench trial, the court found
appellant not guilty by reason of insanity of aggravated kidnapping and
aggravated assault.  Appellant was then
committed to a state mental health facility under article 46.03 of the Texas
Code of Criminal Procedure.  See Tex. Code Crim. Proc. Ann. art.
46.03.  Pursuant
to statute, the court annually reviewed appellant=s case and renewed the orders for
extended inpatient mental health services. 
See Tex. Health & Safety Code Ann. ' 574.066.  These proceedings are civil, not criminal, in
nature.  Campbell v.
State, 2002 WL 1981366, *3 (Tex. August 29, 2002) (not yet released
for publication).  

In appellant=s third appeal from an order extending his commitment, this
Court reversed the trial court=s order and remanded the causes for a new trial.  See Campbell v. State, Nos.
14-02-00741-CV & 14-02-00746-CV (Tex. App.CHouston [14th Dist.] 2002, no pet.) (not yet released for publication).  On remand, appellant filed a demand for a
jury trial on September 5, 2002.  On
September 19, 2002, the trial court denied the demand as moot.  On September 20, 2002, appellant filed a
notice of appeal for both causes.

Generally, a Texas appellate court has jurisdiction to hear
only an appeal from a final judgment.  Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992).  Appellate courts have jurisdiction to
consider immediate appeals of interlocutory orders if a statute explicitly
provides appellate jurisdiction.  Stary
v. DeBord, 967 S.W.2d 352, 352‑53 (Tex.
1998); see also Tex. Civ. Prac. & Rem. Code Ann.
' 51.014 (listing appealable
interlocutory orders). 

An interlocutory appeal from an order denying a jury trial is
not expressly provided for by statute. 
Therefore, this Court is without jurisdiction over these appeals.

Accordingly, the appeals are ordered dismissed.

 

PER CURIAM

 

Judgment rendered and Opinion
filed December 5, 2002.

Panel consists of Chief Justice Brister and Justices Hudson and Fowler.

Do Not Publish ‑ Tex. R. App. P. 47.3(b).