COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-314-CV

   
FORT 
WORTH SOUTHWEST                                                   APPELLANT
NURSING 
CENTER, L.L.C.
D/B/A 
SOUTHWEST NURSING
AND 
REHABILITATION CENTER
 
V.
 
PHYLLIS 
BLY, AS NEXT FRIEND                                                 APPELLEE
OF 
KATHERINE JOHNSON
 
------------
 
FROM 
THE 348TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Fort Worth Southwest Nursing and Rehabilitation Center appeals from the trial 
court’s interlocutory order denying its motion to dismiss based on Appellee 
Phyllis Bly’s alleged failure to meet the statutory requirements of section 
13.01 of former article 4590i of the Texas Revised Civil Statutes.[2]  Appellee filed a motion to dismiss the interlocutory 
appeal because the order appealed from is not an appealable interlocutory order. 
Appellee filed the lawsuit in September 2002; Appellant filed the notice of 
appeal in October 2003. The order is not an appealable interlocutory order under 
section 51.014 of the civil practice and remedies code in effect when the cause 
of action was filed[3] or under section 51.014 as 
amended at the time the notice of appeal was filed.[4]  
Accordingly, we grant Appellee’s motion and dismiss the appeal for want of 
jurisdiction.[5]


    
                                                                  LEE 
ANN DAUPHINOT
                                                                  JUSTICE
   
PANEL 
B:   DAUPHINOT, GARDNER, and WALKER, JJ.
 
DELIVERED: 
February 19, 2004


NOTES
1. 
See Tex. R. App. P. 47.4.
2. 
Act effective Sept. 1, 1993, 73rd Leg., R.S., ch. 625, § 3, 1993 
Tex. Gen. Laws 2347, 2347-49, repealed by Act effective Sept. 1, 2003, 78th 
Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884 (current version at 
Tex. Civ. Prac. & Rem. Code Ann. § 74.351 (Vernon Supp. 2004)).
3. 
See Act effective June 20, 1997, 75th Leg., R.S., ch. 1296, § 
1, 1997 Tex. Gen. Laws 4936, 4936-37, amended by Act effective Sept. 1, 
2001, 77th Leg., R.S., ch. 1389, § 1, 2001 Tex. Gen. Laws 3575, 
3575, amended by Act effective Sept. 1, 2003, 78th Leg., R.S., 
ch. 204, § 1.03, 2003 Tex. Gen. Laws 847, 849.
4. 
Tex. Civ. Prac. & Rem. Code Ann. 51.014(a) (9), (10) (allowing 
interlocutory appeals in this context for orders granting motions to 
dismiss based on substantive defects of expert reports and for orders denying 
motions to dismiss based on untimeliness of expert reports, neither of 
which we have here); see also Act effective Sept. 1, 2003, 78th 
Leg., R.S., ch. 204, § 1.05, 2003 Tex. Gen. Laws 847, 850 (providing that the 
changes to section 51.014(b) and (c) apply to any case in which an interlocutory 
appeal under section 51.014(a) is allowed and the notice of appeal is filed on 
or after September 1, 2003).
5. 
See Tex. R. App. P. 42.3(a), 43.2(f); Stary v. DeBord, 
967 S.W.2d 352, 352-53 (Tex. 1998).