# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00364-CV

**T. Christopher Robson, Appellant**

**v.**

**David Gilbreath and Garrett Gilbreath, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
## NO. D-1-GN-04-002474, HONORABLE DARLENE BYRNE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In this interlocutory appeal, T. Christopher Robson challenges the trial court's order sanctioning him $10,000 for failure to conduct a reasonable inquiry prior to filing a claim against David Gilbreath. Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute expressly provides appellate jurisdiction. *Stary v. DeBord*, 967 S.W.2d 352, 353 (Tex. 1998). A sanctions order is not among the trial court rulings that is subject to interlocutory appeal. *See, e.g.*, Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (West Supp. 2006). Accordingly, we have no jurisdiction and dismiss this appeal.

In response to an inquiry from this Court's clerk regarding the lack of finality and appealability of this order, Robson filed a motion to abate this appeal. He asserted that the case had been settled except for the sanctions, that the settlement required approval by a probate court, and that a final judgment would be presented to the district court for signature "immediately" after the settlement was approved as expected at a hearing set for July 10, 2007. Robson's notice of appeal

challenging the sanctions order could then be treated as a premature filing that became effective and deemed filed the day of, but after, the final judgment. *See* Tex. R. App. P. 27.1(a). More than four weeks have passed without additional communication from the parties or the trial court. We have not been informed whether the settlement was approved and have not been provided with a supplemental clerk's record containing an order or judgment that would make Robson's premature notice effective and bestow jurisdiction upon this Court. We lack jurisdiction over this appeal.

We deny the motion to abate and dismiss this appeal.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Pemberton and Waldrop

Dismissed for Want of Jurisdiction

Filed:   August 9, 2007

2