# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-07-00432-CV

Rhett Webster Pease, Appellant

v.

Texas Attorney General and Janell Pease, Appellees

FROM THE DISTRICT COURT OF LEE COUNTY, 21ST JUDICIAL DISTRICT
NO. 12,380, HONORABLE TERRY L. FLENNIKEN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On July 27, 2007, appellant Rhett Webster Pease filed a notice of appeal with this Court, appealing from the alleged failure of the trial judge to recuse himself and the trial court's refusal to consider Pease's motion to disqualify an associate judge.[1] On August 21, 2007, this Court sent a letter to Pease requesting a response explaining why this Court has jurisdiction in this appeal. On September 5, 2007, Pease filed a response. The Attorney General then filed a response to Pease's "Explanation of the Appeal" on March 7, 2008, and Pease filed a further response on March 13, 2008.

---

[1] Pease filed a separate interlocutory appeal from cause number 12,380 in the 21st District Court of Lee County that was dismissed for lack of jurisdiction because the appeal was taken from a non-appealable order for the issuance of a capias. *See Pease v. Texas Attorney General*, No. 03-07-00704-CV, slip op. at 1 (Tex. App.—Austin Jan. 8, 2008, no pet.) (mem. op.). On February 12, 2008, Pease filed an additional notice of appeal with this Court appealing an order denying change of venue, an order regarding cash bond, and an order for capias. Pease has also initiated a mandamus proceeding.

In his initial response to this Court, Pease states that he "did not appeal the ruling on a motion to disqualify as no civil law due process has ever been followed in the lower court and no ruling was ever made on the disqualification. . . ." In his subsequent response, he again states that the appeal "has nothing to do" with the denial of a motion to recuse. Despite these statements to the contrary, his notice of appeal only addresses recusal and disqualification.

This Court lacks jurisdiction over an appeal from an interlocutory order unless jurisdiction is specifically provided by statute. *See Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992). No statute authorizes an interlocutory appeal from a judge's refusal to recuse or from a trial court's failure to consider a motion to disqualify. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (West Supp. 2007) (providing for appeal from certain interlocutory orders). Accordingly, we dismiss this appeal for want of jurisdiction.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Dismissed for Want of Jurisdiction

Filed: March 20, 2008

2