Opinion issued September 27, 2012



In The

# Court of Appeals

For The

## First District of Texas

_____

### NO. 01-11-00751-CV

_____

**VEDA HERRON FAVORS, Appellant**

**V.**

**RECREATION SERVICES CORPORATION, Appellee**

---

**On Appeal from the 151st District Court**
**Harris County, Texas**
**Trial Court Cause No. 1127233**

---

### MEMORANDUM OPINION

Appellant Veda Herron Favors has filed a notice of appeal from the trial court's order sustaining a contest to her affidavit of indigence for trial court costs and ordering that she pay the costs of her suit in the trial court. We dismiss the appeal for lack of jurisdiction.

Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if authorized by statute. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001); *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998).

Because it did not appear that a final judgment had been entered below, we requested a special clerk's record on jurisdiction. The clerk's record does not reflect that a final judgment has been entered below. Therefore, the order from which appellant attempts to appeal is interlocutory.

We know of no authority authorizing an interlocutory appeal from an order sustaining a contest to an affidavit of indigence for trial court costs, as here. *See generally* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a) (West Supp. 2012); *see, e.g.*, *Minnfee v. Lexington*, No. 04-09-00770-CV, 2010 WL 381367, at *1 (Tex. App.—San Antonio Feb. 3, 2010, pet. dism'd) (mem. op.) (dismissing appeal of order on motion to rule for costs); *Aguilar v. Texas La Fiesta Auto Sales LLC*, No. 01-08-00653-CV, 2009 WL 1562838, at *1 (Tex. App.—Houston [1st Dist.] June 4, 2009, no pet.) (mem. op.) (dismissing appeal of order sustaining contest to affidavit of indigence for trial court costs).

We notified the parties of the Court's intent to dismiss the appeal unless appellant filed a response demonstrating this Court's jurisdiction. *See* TEX. R. APP. P. 42.3(a). Appellant did not respond.

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Bland and Huddle.