

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-15-00277-CV

PATRICIA OSBORNE,                                              APPELLANTS
INDIVIDUALLY AND CHARLES
OSBORNE, INDIVIDUALLY

V.

WILLIAM ROWE, M.D.                                              APPELLEE

----------

### FROM THE 393RD DISTRICT COURT OF DENTON COUNTY
### TRIAL COURT NO. 14-06405-393

----------

## MEMORANDUM OPINION[1]

----------

On August 28, 2015, appellants Patricia Osborne, individually, and Charles

Osborne, individually, filed a notice of appeal from the trial court's July 31, 2015

interlocutory order dismissing the Osbornes' claims against appellee William

Rowe, M.D. for failure to serve an expert report within the statutory period for

---

[1]See Tex. R. App. P. 47.4.

health care liability claims.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b) (West Supp. 2014).

As is relevant to this appeal, section 51.014 of the civil practices and remedies code allows for an interlocutory appeal from an order that denies relief sought by a motion under section 74.351(b) (when an expert report has not been served) or that grants relief sought by a motion under section 74.351(*l*) (when an inadequate expert report has been served).  *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(9), (10) (West 2015).  In this case, the trial court granted relief sought by Rowe's motion under section 74.351(b).

On September 16, 2015, we notified the Osbornes of our concern that we lacked jurisdiction over this appeal because the order being appealed does not appear to be a final judgment or an appealable interlocutory order.  We instructed the Osbornes or any other party desiring to continue the appeal to file a response showing grounds for continuing the appeal or we may dismiss the appeal for want of jurisdiction.  *See* Tex. R. App. P. 42.3(a), 44.3.  The Osbornes responded and requested until October 14, 2015, to obtain from the trial court a final judgment or an appealable interlocutory order.  To date, no such judgment or order has been filed in this court.

If a trial court has not entered a final and appealable order, we have jurisdiction to hear an interlocutory appeal only if authorized by statute.  *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998).  We must strictly construe section 51.014 as a narrow exception to the general rule that only final judgments or

orders are appealable. *See Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 355 (Tex. 2001); *Thoyakulathu v. Brennan*, 192 S.W.3d 849, 851 n.2 (Tex. App.—Texarkana 2006, no pet.). Because the order being appealed is not an order denying relief sought by a motion under section 74.351(b) or an order granting relief sought by a motion under section 74.351(*l*), we lack jurisdiction over this appeal. Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: LIVINGSTON, C.J.; GABRIEL and SUDDERTH, JJ.

DELIVERED: October 29, 2015

3