

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00213-CV

IN THE INTEREST OF J.P.M., JR., W.R.M., AND A.M.M., CHILDREN

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2011-500,199, Honorable William R. Eichman II, Presiding

August 11, 2016

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, J.P.M., father of J.P.M., Jr., W.R.M., and A.M.M., attempts to appeal six interlocutory orders issued in a suit for modification of a child support order. As the orders are not final, appealable orders, we dismiss for want of jurisdiction.

On February 22, 2016, the Office of the Attorney General filed suit to modify a 2012 child support order concerning J.P.M., Jr., W.R.M., and A.M.M. Appellant, an inmate, answered the suit *pro se* and moved for appointment of counsel, for discovery from the Internal Revenue Service and Social Security Administration free of cost, and to appear at all hearings in person or by telephone. The motions were denied on April 18, 2016. Appellant subsequently filed a motion for rehearing concerning his requests

for discovery at no cost and to appear at hearings in person by bench warrant or by telephone. He also moved for findings of fact and conclusions of law concerning the trial court's rulings. The motions were denied on May 17, 2016, and appellant filed this appeal.

Questioning whether we had jurisdiction over the appeal, we notified appellant by letter that it did not appear that a final, appealable order or judgment had been entered in this case. We directed appellant to show grounds for continuing the appeal by August 1, 2016, or we would dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). Appellant has yet to respond to the court's letter.

Generally, appellate courts have jurisdiction over final judgments only. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A judgment is final for purposes of appeal if it disposes of all pending parties and claims. *Id.* We have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction. *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998).

Because the orders from which appellant attempts to appeal do not finally dispose of all parties or claims, they are interlocutory. Finding no statutory authority allowing immediate appeal, we lack jurisdiction to review and must dismiss the appeal.

We therefore dismiss this appeal for want of jurisdiction and for appellant's failure to comply with an order of this court. TEX. R. APP. P. 42.3(a), (c).

Per Curiam

2