

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00223-CV

RICHARD A. DUNSMORE, APPELLANT

V.

THE OFFICE OF STATE COUNSEL FOR OFFENDERS AND RUDOLPH BROTHERS, JR., DIRECTOR OF SCFO, APPELLEES

On Appeal from the 154th District Court
Lamb County, Texas
Trial Court No. DCV-19672-17, Honorable Felix Klein, Presiding

July 26, 2017

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Richard A. Dunsmore, appearing *pro se*, attempts to appeal an order granting appellees' motion to transfer venue from Lamb County to Brazoria County. Questioning whether we had jurisdiction, we notified Dunsmore by letter that it did not appear that a final judgment or appealable order had been entered in this case and directed him to show grounds for continuing the appeal or the appeal would be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). Dunsmore has filed a response asserting that we have jurisdiction to review the order under sections 15.003

and 15.064(b) of the Texas Civil Practice and Remedies Code and a motion for appointment of appellate counsel. We deny the motion and dismiss the appeal for want of jurisdiction.

Generally, appellate courts only have jurisdiction to review final judgments. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A judgment is final for purposes of appeal if it disposes of all pending parties and claims. *Id.* We have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction. *Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998).

Here, the trial court's order transferring venue is neither a final judgment, as it does not dispose of all parties and claims, nor an appealable order. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(a) (West 2017) ("No interlocutory appeal shall lie from the [trial court's] determination [of venue]."); TEX. R. CIV. P. 87(6). Although Dunsmore argues that sections 15.003 and 15.064(b) permit an interlocutory appeal, § 15.003 does not apply to this case and § 15.064(b) does not authorize an immediate appeal from the order. Section 15.003 concerns venue in suits with multiple plaintiffs. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.003 (West 2017). It requires that each plaintiff independently establish proper venue, or the other items therein prescribed, and allows an interlocutory appeal from the trial court's determination of these issues. *Id.* Because Dunsmore is the only plaintiff in this suit, this venue provision is inapplicable. Section 15.064(b) addresses the appeal of other venue determinations. It does not authorize an interlocutory appeal, but instead provides that "*on appeal from the trial on the merits,*" the appellate court shall consider the entire record in determining whether

2

venue was proper and that improper venue is reversible error. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(b) (emphasis added).

Finding no statutory authority allowing immediate appeal, we lack jurisdiction to review and must dismiss the appeal.

Accordingly, we deny Dunsmore's motion for appointment of appellate counsel and dismiss the appeal for want of jurisdiction. TEX. R. APP. P. 42.3(a).

Per Curiam