

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-17-00236-CV
07-17-00433-CV

IN RE NURSES LICENSE OF NANCY NICHOLS

On Appeal from the 47th District Court
Randall County, Texas
Trial Court No. 68,809-A, Honorable Dan L. Schaap, Presiding

November 17, 2017

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Nancy Nichols, proceeding *pro se*, appeals three trial court orders dismissing her claims against appellees, the Texas Workforce Commission, the Texas Board of Nursing, and Tyson Fresh Meats, Inc. Acting on our own motion, we will sever her appeal of the dismissal of her claims against Tyson into a separate cause in this Court, and will dismiss that appeal for want of jurisdiction.

Nichols sued the Workforce Commission, Board of Nursing, and Tyson, asserting various claims. On June 16, 2017, the trial court issued two orders granting the pleas to the jurisdiction filed by the Workforce Commission and the Board of Nursing and dismissing Nichols' claims against those governmental units.

On the same date, the trial court also issued an order granting the Rule 91a motion to dismiss that Tyson filed. That order dismissed Nichols' claims against Tyson and provided that "[w]ithin 14 days after the date of this Order, Tyson shall submit a Request for Entry of Attorney's Fees for the attorney's fees associated with its Rule 91a Motion to Dismiss." *See* TEX. R. CIV. P. 91a.7 (requiring the trial court to award the prevailing party costs and attorney fees). However, Tyson did not submit a request for attorney's fees to the trial court before Nichols filed her notice of appeal.

This Court has jurisdiction to hear an appeal from a final judgment or from an interlocutory order made immediately appealable by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.012 (West 2015), 51.014 (West Supp. 2017). In cases where there is no trial on the merits, a judgment or order is a final judgment for purposes of appeal if it actually disposes of all pending parties and claims or it expressly states that it disposes of all parties and claims. *Lehmann*, 39 S.W.3d at 195, 200-04.

If the three orders signed by the trial court on June 16 had together disposed of all parties and all claims, they could have constituted a final judgment. *See Columbia Rio Grande Regional Hosp. v. Stover*, 17. S.W.3d 387, 391 (Tex. App.—Corpus Christi 2000, no pet.). But the three orders do not dispose of all parties and claims, as Tyson's claim for attorney's fees under Rule 91a remains unresolved. Nor do the trial court's orders expressly state that they dispose of all parties and claims. Accordingly, the orders are interlocutory and our review must be specifically authorized by statute. *See Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998) (per curiam). Section 51.014(a)(8) of the Texas Civil Practice and Remedies Code provides that a party may

appeal from an interlocutory order granting or denying "a plea to the jurisdiction by a governmental unit." *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.014(a)(8), 101.001(3) (West Supp. 2017) (defining "governmental unit"). Thus, we have jurisdiction to review the interlocutory orders granting the pleas to the jurisdiction of the Workforce Commission and the Board of Nursing. We find no statutory authority, however, allowing an interlocutory appeal from the order granting Tyson's Rule 91a motion to dismiss.

By letter of October 26, 2017, we notified the parties of our concern over the finality of the trial court's judgment and directed them to show how we have jurisdiction over the appeal. The parties responded, but did not identify authority allowing an interlocutory appeal from the Tyson order. We find we must dismiss Nichols' appeal from that order for want of jurisdiction.

Accordingly, we sever Nichols' appeal from the "Order Granting Tyson Fresh Meats, Inc.'s Rule 91A Motion to Dismiss" into cause number 07-17-00433-CV, and dismiss her appeal of that order for want of jurisdiction without prejudice to its refiling after a final judgment is entered. TEX. R. APP. P. 42.3(a).

Nichols' interlocutory appeal from the two orders granting the pleas to the jurisdiction of the Workforce Commission and the Board of Nursing shall remain pending in cause number 07-17-00236-CV and will proceed in due course. In accordance with section 51.014(b) of the Texas Civil Practice and Remedies Code, all proceedings in the trial court shall remain stayed pending resolution of the remaining appeals. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8), (b).

Per Curiam

3