

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00110-CV

RONALD DUANE WINEGARDNER, APPELLANT

V.

DANIEL BURNS, ET AL., APPELLEES

On Appeal from the County Court at Law
Moore County, Texas
Trial Court No. CL 156-17, Honorable David L. Gleason, Presiding

August 20, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Ronald Duane Winegardner, appeals the trial court's *Order of Dismissal*. We dismiss the appeal for want of jurisdiction.

Winegardner sued appellees, Daniel Burns, Burns Family Trust, Burns Family Trust Maintenance Department, All-In-One Construction, United Grocery Store #542, Marsh & McLennan Agency, Coldwell Banker Commercial, City of Dumas, and MBSB Guylane, LLC, seeking damages arising from an automobile accident. Daniel Burns, Burns Family Trust, and Burns Family Trust Maintenance Department (the "Burns

Defendants") were the only defendants that answered the suit. The Burns Defendants subsequently filed special exceptions to Winegardner's original petition. On January 18, 2018, the trial court issued an order sustaining the special exceptions and directing Winegardner to replead within thirty days. The order stated that failure to do so would result in dismissal of the action. The trial court later extended the time to replead to March 5. On March 8, the Burns Defendants filed a motion to dismiss the suit because Winegardner had not amended his petition by the court's deadline. On March 14, the trial court signed an order of dismissal. The order states that a hearing on the special exceptions was conducted, the special exceptions were granted, and Winegardner failed to amend his petition by the deadline to replead. The trial court ordered that "this cause be and is hereby dismissed." This appeal followed.

We have jurisdiction to hear an appeal from a final judgment or from an interlocutory order made immediately appealable by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998) (per curiam). In cases where there is no trial on the merits, a judgment or order is a final judgment for purposes of appeal if it actually disposes of all pending parties and claims or it expressly states that it disposes of all parties and claims. *Lehmann*, 39 S.W.3d at 200-04.

The trial court's order of dismissal does not address Winegardner's claims against All-In-One Construction, United Grocery Store #542, Marsh & McLennan Agency, Coldwell Banker Commercial, City of Dumas, or MBSB Guylane, LLC. Further, the order does not expressly state that it disposes of all parties and claims. By letter of July 27, we notified Winegardner and the Burns Defendants that it did not appear the trial court had

2

issued a final judgment or appealable order and directed them to show how we have jurisdiction over the appeal by August 10. Only Winegardner filed a response. His response did not address the finality of the order.

The trial court's order of dismissal is not a final judgment, but rather an interlocutory order. *See Lehmann*, 39 S.W.3d at 200. Our review of an interlocutory order must be specifically authorized by statute. *See Stary*, 967 S.W.2d at 352-53. As we have found no authority allowing an interlocutory appeal, we conclude we are without jurisdiction to review the order. *Id.* at 354.

Accordingly, we dismiss the appeal for want of jurisdiction without prejudice to its refiling after a final judgment is entered. *See* TEX. R. APP. P. 42.3(a).

Per Curiam