Anton J. STARY, Ed Kridler, Berney Brzozowski, Kelsey Jones, Ralph Polzin, James Leist, Pauline Ward, Carlos D. Wenske and James L. Pish, Petitioners,

v.

John DeBORD, Nancy Tucker DeBord, Chaedrea DeBord, Nancy Tucker DeBord as custodian for Chaedrea DeBord, Nancy Tucker DeBord as custodian for Jesse W. DeBord, Nancy Tucker DeBord as custodian for Joshua N. DeBord, and Nancy Tucker DeBord as Custodian for Kristyn N. DeBord, Respondents.

No. 97–0802.

Supreme Court of Texas.

Feb. 13, 1998.

David Watkin Jones, Robert S. Harrell, Houston, for Petitioners.

Andrew M. Greenwell, James R. Harris, Corpus Christi, for Respondents.

## Opinion

PER CURIAM.

Courts of appeals have jurisdiction over trial courts' interlocutory orders certifying or refusing to certify a class under Texas Rule of Civil Procedure 42. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(3). Stary insists that this grant of jurisdiction does not extend to interlocutory orders striking corporate shareholder derivative claims. We agree. Because the court of appeals erroneously held that it had jurisdiction over an interlocutory order striking a shareholder derivative claim and reached the merits of the appeal, 951 S.W.2d 127, we reverse the court of appeals' judgment and dismiss the appeal for lack of jurisdiction.

The DeBords are minority shareholders of two closely held corporations, Circle Y of Yoakum, Inc. and Cow Country, Industries, Inc. Anton J. Stary, Ed Kridler, Berney Brzozowski, Kelsey Jones, Ralph Polzin, James Leist, Pauline Ward, Carlos D. Wenske, and James L. Pish (collectively, Stary) are officers, directors, and majority shareholders of the two corporations. The DeBords sued Stary, Circle Y, and Cow Country, seeking recovery for oppressive conduct and breach of fiduciary duties. The DeBords alleged both personal and derivative causes of action. Stary moved to strike the DeBords' derivative causes of action, alleging that the DeBords' personal claims against the two corporations irreconcilably conflicted with their derivative claims. The trial court granted the motion and struck the derivative claims.

The trial court's order was interlocutory. Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides

appellate jurisdiction. *See Jack B. Anglin Co., Inc. v. Tipps,* 842 S.W.2d 266, 272 (Tex. 1992). The DeBords filed an interlocutory appeal with the court of appeals, which concluded that it had jurisdiction under former section 51.014(3) of the Civil Practice and Remedies Code. 951 S.W.2d at 131. The court of appeals then reversed the trial court's order, holding that Stary had produced no evidence that the DeBords could not fairly and adequately represent the interests of the shareholders. *Id.* at 134.

Former section 51.014(3) of the Civil Practice and Remedies Code governs this case. It provided that "[a] person may appeal from an interlocutory order of a district court ... that ... *certifies or refuses to certify a class* in a suit brought under Rule 42 of the Texas Rules of Civil Procedure...." Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 1, 1985 Tex. Gen. Laws 3280 (amended 1997) (current version at TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(3)) (emphasis added). Stary argues that this code section does not include shareholder derivative claims. The DeBords respond that a derivative claim is the functional equivalent of a class action. The statutory language does not allow the broad reading that the DeBords urge. An order striking a derivative claim is no kin to an order certifying or refusing to certify a class.

The DeBords also point out that Rule 42 specifically includes a subsection addressing shareholder derivative actions. TEX.R. CIV. P. 42(a). They conclude that the presence of this subsection proves their point. It does not.

Assuming that the statute's reference to Rule 42 creates some ambiguity about what the legislature meant by "certifies or refuses to certify a class," a review of legislative intent nevertheless does not lead to the DeBords' conclusion. The Legislature enacted section 51.014(3) in 1979 as article 2250 of the Texas Revised Civil Statutes. *See* Act of

May 3, 1979, 66th Leg., R.S., ch. 159, § 1, 1979 Tex. Gen. Laws 348, *repealed by* Act of May 17, 1985, 69th Leg., R.S. ch. 959, § 9(1), 1985 Tex. Gen. Laws 3322 (amended 1997). The Legislature codified article 2250 as section 51.014(3), *see* Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 9(1) (amended 1997), and later redesignated it as section 51.014(a)(3), *see* Act of May 27, 1997, 75th Leg., R.S., ch. 1296, § 1, 1997 Tex. Gen. Laws 4936–37. The Legislature has not substantively altered the provision. Therefore, we look to the legislative intent as of 1979, the year in which the Legislature adopted article 2250.[1]

Bearing in mind that article 2250 provided for an interlocutory appeal of an order that "certif[ies] or refus[es] to certify a class in a suit brought pursuant to Rule 42 of the Texas Rules of Civil Procedure," we must look to Rule 42 *as written in 1979.* In 1979, Rule 42 did not mention shareholder derivative claims. Prior to 1977, Rule 42 did list derivative claims, but simply as a secondary action to which Rule 42 applied. *See* TEX.R. CIV. P. 42, 4 Tex. B.J. 494 (1941, amended 1977). However, in 1977, this Court replaced Rule 42 with a version adapted from Federal Rule of Civil Procedure 23. *See* 40 Tex. B.J. 563 (1977, amended 1984). Federal Rule of Civil Procedure 23 did not then, and does not now, include derivative claims. *See* FED.R.CIV.P. 23.1 (covering derivative claims in a separate rule). Thus, in 1979, Rule 42 neither explicitly nor implicitly included derivative claims. In this context, the Legislature could not have intended article 2250 to provide jurisdiction for interlocutory appeals from orders striking shareholder derivative claims.

The court of appeals based its holding that it had jurisdiction on its conclusion that derivative claims are a "species" of class action. 951 S.W.2d at 131. It noted two bases in Texas law for this conclusion: (1) the inclusion of derivative suits in the current version of Texas Rule of Civil Procedure 42; and (2) *Ford v. Bimbo Corp.,* 512 S.W.2d 793, 795 (Tex.Civ.App.—Houston [14ᵗʰ Dist.] 1974, no writ).

---

1. For the remainder of this opinion, we will refer to this provision as "article 2250," the number under which the Legislature enacted it in 1979. Of course, our analysis and holding apply equally to former section 51.014(3) and current section 51.014(a)(3) of the Civil Practice and Remedies Code.

First, it is true that this Court amended Rule 42 in 1984 so that it once again explicitly includes derivative claims. *See Eye Site, Inc. v. Blackburn,* 796 S.W.2d 160, 162 n. 3 (Tex.1990). However, the 1984 amendment is not dispositive. Article 2250 authorizes appeal from an order that "certif[ies] or refus[es] to certify a class in a suit brought pursuant to Rule 42." By its terms, article 2250 applies only to certification orders of class actions. It mentions Rule 42 because that is the class-action rule, but article 2250 does not incorporate the rule into the statute. If it did, the DeBords would prevail on this point. *See, e.g., In re R.J.J.,* 959 S.W.2d 185 (Tex.1998) (per curiam). In *R.J.J.,* we construed section 53.045(a) of the Family Code. That section authorizes harsher sentences for juveniles convicted of one of thirteen crimes, each of which is listed and cited within section 53.045(a). One of the thirteen criminal statutes was later amended, and the Code Construction Act dictated that section 53.045(a) applied to the statute as amended. *See R.J.J.,* 959 S.W.2d at 187; TEX. GOV'T CODE ANN. § 311.027.

Unlike section 53.045(a), article 2250 does not incorporate Rule 42. That is, article 2250 does not permit interlocutory appeals from *orders entered pursuant to* Rule 42; rather, article 2250 permits interlocutory appeal from *orders certifying or refusing to certify a class* brought under Rule 42. We reject the DeBords' assertion that the 1984 amendment to Rule 42 implicitly amended article 2250 to authorize interlocutory appeals of orders striking derivative claims.

Furthermore, *Ford v. Bimbo Corp.* is inapposite. The DeBords cite *Bimbo* for the proposition that derivative suits are "per se 'true' class actions...." *Bimbo,* 512 S.W.2d at 795. However, we must read this quote in context. Referring to Rule 42 *as it existed in 1974,* the court of appeals actually said:

> Appellant realizes that this suit is a derivative action, but fails to realize that all derivative actions are per se "true" class actions *under Rule 42(a)(1). Appellant has not asserted a class action* in which the primary right belongs to the class of shareholders.

*Bimbo,* 512 S.W.2d at 795 (emphasis added). In short, the court of appeals acknowledged there was a difference between "per se" class actions under Rule 42 and class actions generally. Again, in 1977, the rule's amendment removed all references to derivative claims, and it is the 1977 version of Rule 42 that the Legislature considered when it enacted article 2250.

Article 2250's terms are clear; it applies to an order that "certif[ies] or refus[es] to certify a class...." In no way does this language show a legislative intent for article 2250 to provide jurisdiction for interlocutory appeals of orders striking shareholder derivative claims. Accordingly, we reverse the court of appeals' judgment and dismiss the appeal. Finally, because no jurisdiction exists to hear the merits of this appeal, we express no opinion about the trial court's order.