Dismissed and Opinion filed December 5, 2002









Dismissed and Opinion filed December 5, 2002.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01099-CV

______________

 

HAROLD L. PHILLIPS and HAROLD L. PHILLIPS for ZACHARY
M. PHILLIPS and KYMBERLEE V. PHILLIPS, Appellants

 

V.

 

HONORABLE SUSAN BAKER aka
SUSAN BAKER OLSEN,

HONORABLE PUTNAM K. REITER, HONORABLE JANIS YARBROUGH,
HONORABLE ANDREW Z. BAKER, MICHAEL J. GUARINO,

ELLA ANDERSON, VAL TIZENT aka
VAL TIZENO, PHILLIP CHUPIK, KERRI FOLEY, JAN BOENING, SARAH DICKSON, OFFICER
RODNEY KAHLA, UNIVERSITY OF TEXAS MEDICAL BRANCH POLICE DEPT.,

THE STATE OF TEXAS, COUNTY OF GALVESTON, TEXAS, and 

UNIVERSITY OF TEXAS MEDICAL BRANCH AT GALVESTON, Appellees

 



 

On
Appeal from the 122nd District Court

Galveston
County, Texas

Trial
Court Cause No. 00CV1004

 

 



M
E M O R A N D U M   O P I N I O N








This is an attempted appeal from three orders signed June 27,
2002, granting the pleas to the jurisdiction and motions for summary judgment
in favor of some of the appellees in this
appeal.  Specifically, our record
contains an order signed June 27, 2002, granting the pleas to the jurisdiction
filed by the Honorable Putnam K. Reiter and the State of Texas.  In addition, there is an order signed June
27, 2002, granting the plea to the jurisdiction filed by defendants Susan
Baker, Janis Yarbrough, Andrew Baker, Michael Guarino,
Ella Anderson, and Val Tizeno.  Finally, the record contains an order signed
June 27, 2002, granting Sarah Dickson=s motion for summary judgment.  There is nothing in the record to indicate
the remaining defendants have been dismissed from the suit or had the claims
against them finally resolved in any way. 
If there is no final judgment disposing of all parties to the suit, the
orders are interlocutory.  

Generally, a Texas appellate court has jurisdiction to hear
only an appeal from a final judgment.  Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992).  Interlocutory orders may only be appealed
when provided by statute.  Stary
v. DeBord, 967 S.W.2d 352, 352‑53 (Tex.
1998).  An order that grants or
denies a plea to the jurisdiction by a government unit is subject to
interlocutory appeal.  See Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(a)(8).  To the extent that appellant may be
attempting to appeal an interlocutory order granting the plea to the
jurisdiction filed by the State of Texas or the County of Galveston, the notice
of appeal is untimely.  Appeals from
interlocutory orders are accelerated.  Tex. R. App. P. 28.1. A notice of
appeal in an accelerated appeal must be filed within 20 days of the date the
judgment is signed.  Here, the notice of
appeal from the June 27, 2002 orders was not filed until September 30, 2002.








On November 7, 2002, notification was transmitted to all
parties of the Court=s intent to dismiss the appeal for want of jurisdiction
unless appellant filed a response demonstrating that this Court has
jurisdiction over the appeal.  See
Tex. R. App. P. 42.3(a).  On November 25, 2002, appellant filed a
response to the Court=s order, but appellant=s response fails to demonstrate that
this Court has jurisdiction to entertain the appeal.  Appellant correctly points out that a leading
case concerning finality of judgments is Lehmann
v. Har-Con Corp., 39 S.W.2d 191 (Tex. 2001).  Lehmann instructs
that the determination of whether a judicial decree is a final judgment must be
made from its language and the record in the case.  Id. at 195.  The language of an order or judgment can make
it final, even though it should have been interlocutory, if that language
expressly disposes of all claims and all parties.  Id. at 200.

Appellant argues that there is language of finality in the
orders in this case and that the actions of the parties and the trial court
indicate that the orders are intended to be final.  We disagree. 
First, we find nothing in the record to demonstrate the parties or trial
court intended to finally dispose of the claims against the remaining
defendants and the entire case. 
Likewise, the record does not contain clear evidence of actions
indicating final disposition.  To the
contrary, the letter from the Galveston County District Clerk assigning this
appeal to the Fourteenth Court of Appeals contains the following notation: AFinal Judgment signed: N/A.@ 

More importantly, we find the orders in this case do not
demonstrate the intent to finally dispose of the entire case.  Each of the orders specifically names only
the defendants who are dismissed from the case by that order.  For example, the order granting the jurisdictonal pleas filed by the Honorable Putnam K. Reiter
and the State of Texas states, APlaintiffs take nothing from Defendants Honorable Putnam
K. Reiter and the State of Texas.@ 
(emphasis supplied)  While the order further states, AThe Court denies all relief not
expressly granted in this judgment,@ the Texas Supreme Court has made it
clear in Lehmann that this language does not
indicate that a judgment rendered without a conventional trial is final for
purposes of appeal.  Id.
at 203-04.  Such language may mean
only that the relief requested in the motionCnot all the relief requested by
anyone in the caseCand not granted by the order is denied.  Id. at 204.  AThe intent to finally dispose of the
case must be unequivocally expressed in the words of the order itself.@ 
Lehmann, 39 S.W.3d at
200.  In this case, we hold that
the intent to finally dispose of the case is not unequivocally expressed in any
of the orders.








We are without jurisdiction to consider the appeal.  Accordingly, the appeal is ordered dismissed.

PER CURIAM

 

Judgment rendered and Opinion
filed December 5, 2002.

Panel consists of Chief Justice Brister and Justices Hudson and Fowler.

Do Not Publish C Tex. R. App. P. 47.3(b).