COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-07-109-CV

 

 

GREGORY D. ROWE                                                             APPELLANT

 

                                                   V.

 

BINH DUC NGUYEN                                                                APPELLEE

 

                                              ------------

 

         FROM
JUSTICE COURT, PRECINCT ONE OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Gregory D. Rowe is
attempting to appeal from an order of a Justice of the Peace which grants a
motion for continuance for a hearing on a pauper=s affidavit.  On April 4, 2007,
we notified Appellant of our concern that we lacked jurisdiction over the
appeal and that, unless he filed a response showing grounds for continuing the
appeal, the appeal was subject to dismissal for want of jurisdiction.[2]  Appellant=s response does not show grounds for continuing this appeal.  Accordingly, we dismiss the appeal for want
of jurisdiction.[3]      

 

 

PER CURIAM

 

PANEL
D:  HOLMAN, GARDNER, and WALKER, JJ.

 

DELIVERED:  May 3, 2007

 

 

 











[1]See Tex. R.
App. P. 47.4.





[2]See Lehmann v. Har-Con
Corp., 39 S.W.3d 191, 195 (Tex. 2001) (providing general rule that an appeal may be taken only
from a final judgment); Tex. Civ. Prac. &
Rem. Code Ann. ' 51.014 (Vernon Supp. 2006)
(listing types of appealable interlocutory orders); see also Tex.
Gov=t
Code Ann. '
28.052 (Vernon Supp. 2006) (stating that appeal from final judgment in justice
of peace court acting as small claims court is to the county court or county
court at law); Tex. R. Civ. P.
571-574b (pertaining to perfecting appeal from justice court to county court).





[3]See Tex.
R. App. P. 42.3(a), 43.2(f); Stary v. DeBord, 967
S.W.2d 352, 352‑53 (Tex. 1998) (holding appellate courts have
jurisdiction to consider immediate appeals of interlocutory orders only if a
statute explicitly provides appellate jurisdiction).