

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

———————————————

No. 07-13-00343-CV

———————————————

MERIDIAN LTC, LTD., F/K/A TUMBLEWEED CARE CENTER,
THEORA MANAGEMENT SYSTEMS, INC., MARIA STELLA BRIONES,
KENNETH MIKE RICE AND SCOTT STEVEN SPORE, APPELLANTS

V.

LOUIS D. BYERS, INDEPENDENT ADMINISTRATOR
OF THE ESTATE OF WILLIE JOE BYERS, APPELLEE

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. 2013-505,504; Honorable William C. Sowder, Presiding

February 9, 2015

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

This is an interlocutory appeal brought by five defendants,[1] Appellants herein, from an underlying health care liability suit. Appellants challenge two interlocutory orders overruling their objections to the original and amended expert reports of Dr. Mark

_____

[1] Suit was brought against ten defendants, five of whom are not parties to this proceeding.

E. Kunik, M.D., M.P.H., filed on behalf of Appellee, Louis D. Byers, Independent Administrator of the Estate of Willie Joe Byers, the plaintiff in that suit. Appellee also challenges the trial court's order granting the plaintiff a thirty-day extension to correct alleged deficiencies in Dr. Kunik's original report. We dismiss this appeal for want of jurisdiction.

BACKGROUND

On February 2, 2011, Willie Joe Byers ("Mr. Byers"), an elderly gentlemen, was transferred from the Children of the Pioneers nursing home facility in Denver City, Texas, to the Tumbleweed Care Center in Brownfield, Texas. Even though Mr. Byers suffered from Alzheimer's disease, his family was not notified of the transfer and did not authorize the move. During the evening hours of the 2nd or the early morning hours of the 3rd, Mr. Byers exited Tumbleweed Care Center unnoticed. At the time, the area was blanketed with snow and was experiencing below average temperatures. Despite never leaving the fenced yard of the facility, Mr. Byers did not reenter the building, succumbed to the severe weather and died.

Appellee brought suit on January 30, 2013, to recover damages incurred as a result of the death of Mr. Byers. By an amended petition, he asserted claims of negligence against ten defendants, including Maria Stella Briones, an employee of Tumbleweed Care Center. He further alleged that Meridian, owner and operator of Tumbleweed Care Center, and Theora Management, Meridian's general partner, together with Kenneth Mike Rice and Scott Steven Spore, shareholders, officers and

2

directors of Theora Management, were vicariously liable for the actions of their employees under a theory of *respondeat superior.*

On or about May 29, 2013, pursuant to the applicable requirements of the Texas Medical Liability Act,[2] Appellee served Appellants' counsel the expert report and curriculum vitae of Dr. Kunik. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (West Supp. 2014). On June 11th, the Appellants filed their objections to the sufficiency of that report. On July 16th, the trial court conducted a hearing as to that first set of objections. In a letter dated July 17th, the trial court indicated the objections of Meridian and Theora Management would be overruled. The letter further indicated that the objections of Briones, Rice and Spore would be granted in part and denied in part and that Appellee would be granted an extension of time to cure any deficiencies.[3] On or about September 18th, Appellee forwarded to Appellants' counsel the *First Amended Expert Report* of Dr. Kunik, and on September 30th, Appellants filed a second set of objections pertaining to the sufficiency of the amended report.

On October 7th, the trial court signed a written order pertaining to the first set of objections, overruling Meridian and Theora Management's objections and overruling in part and sustaining in part the objections of Rice, Spore and Briones. The same order granted Appellee a thirty-day extension to correct insufficiencies in Dr. Kunik's report as

---

[2] TEX. CIV. PRAC. & REM. CODE ANN. §§ 74.001-.507 (West 2011 and Supp. 2014). The current version of the Texas Medical Liability Act applies to suits filed on or after September 1, 2013. Act of May 24, 2013, 83rd Leg., R.S., ch. 870, § 3(b), 2013 Tex. Gen. Laws 2217. Because this suit was filed before September 1, 2013, the former version of the Act applies to the instant appeal. *See* Act of May 18, 2005, 79th Leg., R.S., ch. 635, § 2, 2005 Tex. Gen. Laws 1590. Accordingly, all references to "§" or "section" are references to the Code prior to the 2013 amendment.

[3] Section 74.351(c) of the Act provides for a thirty-day extension to cure deficiencies in an expert report.

it pertained to the objections of Rice, Spore and Briones. On October 18, 2013, Meridian and Theora Management filed a notice of appeal challenging the October 7 order.

On December 20th, the trial court considered the second set of Appellants' objections pertaining to the amended expert report. That same day, the court signed an order overruling Appellants' objections to the amended expert report. Rice, Spore and Briones then filed a notice of appeal on December 30, challenging for the first time the order of October 7. At the same time, they also challenged the December 20 order. Meridian and Theora Management did not file a notice of appeal pertaining to the order of December 20. Neither the October 7 order nor the December 20 order grants or denies any relief pertaining to the dismissal of Appellee's health care liability claim pursuant to section 74.351(b)(2).

After the appellate record was filed, Meridian and Theora Management jointly filed their Appellants' brief, while Rice, Spore and Briones jointly filed their Appellants' brief. By their issues, all Appellants challenge Dr. Kunik's qualifications to render an expert opinion and question the sufficiency of both the expert report and amended expert report. Appellee filed his brief in response to both Appellants' briefs raising, in part, questions concerning the jurisdiction of this Court. All five Appellants jointly filed a reply brief to Appellee's brief.

JURISDICTION

Appellate courts have jurisdiction to consider interlocutory appeals only if a statute explicitly provides appellate jurisdiction. *Stary v. DeBord*, 967 S.W.2d 352, 352-

4

53 (Tex. 1998); *Springer v. Johnson*, 280 S.W.3d 322, 325 (Tex. App.—Amarillo 2008, no pet.). Both notices of appeal filed by the parties recite they are proceeding with this accelerated appeal pursuant to section 51.014(a)(9) of the Code. That statute provides:

> (a)     A person may appeal from an interlocutory order of a district court . . . that:
>
> (9)     denies all or part of the relief sought by a motion under Section 74.351(b), except that an appeal may not be taken from an order granting an extension under Section 74.351.

Section 74.351(b) of the Texas Civil Practice and Remedies Code provides that when an expert report is not timely served, the trial court, on the motion of the affected physician or health care provider, shall (1) award the physician or health care provider reasonable attorney's fees and costs and (2) dismiss the health care liability claim. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (b)(1), (2) (West Supp. 2014). An interlocutory order denying relief pursuant to this section is appealable. *See id.* at § 51.014 (a)(9). On the other hand, the interlocutory appeal of an order granting an extension to cure an expert report under section 74.351(c) is expressly barred by section 51.014(a)(9). *Id.*

The October 7 order does not deny all or part of any relief sought by a motion under section 74.351(b). It does not deny an award of reasonable attorney's fees and it does not deny a motion to dismiss.[4] The only relief addressed by the order of October 7 was a ruling on Appellants' objections to the original expert report of Dr. Kunik and the

___

[4] Although the parties prayed for dismissal of the Appellee's health care liability claims and requested attorney's fees in the documents presenting objections to the original and amended expert reports, we decline to find the trial court implicitly denied a request for dismissal. As to the October 7 order, to do so would circumvent the Legislature's intent to provide the trial court with discretion to grant extensions under section 74.351(c) and also render meaningless the Legislature's bar on the interlocutory appeal of an extension. *See Ogletree v. Matthews*, 262 S.W.3d 316, 321 (Tex. 2007).

granting of an extension under section 74.351(c), relief expressly made non-appealable under section 51.014(a)(9). Likewise, the December 20 order does not deny an award of reasonable attorney's fees or a motion to dismiss. Because neither order denies all or part of any relief sought by a motion under section 74.351(b) this appeal is premature and we are without jurisdiction to address either interlocutory order pursuant to section 51.014(a)(9).

CONCLUSION

This appeal is dismissed for want of jurisdiction.

Per Curiam