

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00349-CV

Steven Mitchell **GARY**,
Appellant

v.

Mary **ROMAN**; Gerald C. Moton, Esq.; Irene Hall, Grand Jury Foreman; and unidentified
Prosecutors of the 175th District Court,
Appellees

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2015-CI-01986
Honorable Laura Salinas, Judge Presiding

PER CURIAM

Sitting:  Sandee Bryan Marion, Chief Justice
     Luz Elena D. Chapa, Justice
     Jason Pulliam, Justice

Delivered and Filed: August 12, 2015

DISMISSED FOR LACK OF JURISDICTION

   Steven Mitchell Gary filed a notice of appeal on July 13, 2015, complaining of a trial court

order that denied his motion for default judgment.[1] After reviewing the clerk's record, it appears

that no final judgment or appealable order has been rendered by the trial court. An order denying

a motion for default judgment is interlocutory. This court does not have jurisdiction to consider an

---

[1] The clerk's record contains several letters to Gary from the Chief Staff Attorney of the Bexar County Civil District Courts that state Gary's motion for default judgment was denied by the Presiding District Judge. However, the record does not contain a signed order.

appeal from an interlocutory order unless it is expressly authorized by statute. *Stary v. DeBord*, 967 S.W.2d 352, 352 (Tex. 1998); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992). No statute or rule authorizes an appeal from an order denying a default judgment.

We ordered Gary to file a response showing cause why this appeal should not be dismissed for lack of jurisdiction, and advised him the appeal would be dismissed if he failed to satisfactorily respond within the time provided. *See* TEX. R. APP. P. 42.3(a), (c). Gary filed a response on July 29, 2015, in which he complained that the trial court clerk had failed to issue citations and failed to serve them on the defendants.[2] However, Gary has not shown that the trial court has signed a final judgment or appealable order. We therefore dismiss this appeal for lack of jurisdiction.

PER CURIAM

---

[2] The record does not reflect that Gary requested the trial court clerk to issue the citations or that he directed to whom the citations should be delivered. *See* TEX. R. CIV. P. 99(a). ("[T]he clerk, when requested, shall forthwith issue a citation and deliver the citation as directed by the requesting party.") The clerk is not responsible for serving citation. *See id.* ("The party requesting citation shall be responsible for obtaining service of the citation and a copy of the petition."); *see also* TEX. R. CIV. P. 103 (identifying persons authorized to serve process).