

# Fourth Court of Appeals
## San Antonio, Texas

December 2, 2015

No. 04-15-00677-CV

Helen A. **MZYK**, Karnes S4 Minerals, L.P., and Karnes S4 Management, L.L.C.,
Appellants

v.

**MURPHY EXPLORATION & PRODUCTION COMPANY-USA**,
Appellee

From the 81st Judicial District Court, Karnes County, Texas
Trial Court No. 14-04-00083-CVK
Honorable Donna S. Rayes, Judge Presiding

# O R D E R

Appellants, Helen A. Mzyk, Karnes S4 Minerals, L.P., and Karnes S4 Management, L.L.C., filed a notice of appeal of the trial court's orders on the parties' numerous motions for summary judgment. In the trial court, appellee, Murphy Exploration & Production Co.-USA, filed a motion for final judgment, which the trial court denied. When there has not been a conventional trial on the merits, a judgment is final for purposes of appeal only if it actually disposes of all parties and claims then before the court or if "it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192-93 (Tex. 2001). Although on September 29, 2015, the trial court granted appellants' motion for summary judgment for appellee's request for attorney's fees and costs for appellee's counterclaims for declaratory judgment, none of the trial court's orders dispose of appellees' counterclaims for declaratory relief, nor do any of the orders "state with unmistakable clarity that it is a final judgment as to all claims and all parties." After reviewing the clerk's record, it appears that the September 29, 2015 order is interlocutory. This court has jurisdiction to consider an appeal of an interlocutory order only if expressly authorized by statute. *Stary v. DeBord*, 967 S.W.2d 352, 352 (Tex. 1998); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992).

Accordingly, we **order** a response due by **December 17, 2015**, showing cause why this appeal should not be dismissed for want of jurisdiction. If appellant fails to satisfactorily respond within the time provided, the appeal will be dismissed. *See* TEX. R. APP. P. 42.3(c). All deadlines in this matter are suspended until further order of the court. Appellant has the burden to request the trial court clerk prepare a supplemental clerk's record containing all pleadings and orders

necessary to establish this court's jurisdiction. Appellant must file a copy of any request for a supplemental record with this court.

_Luz Elena D. Chapa_
Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 2nd day of December, 2015.

Keith E. Hottle
Clerk of Court