**Dismissed and Memorandum Opinion filed October 23, 2018.**



In The

# Fourteenth Court of Appeals

### NO. 14-18-00577-CV

## DAVID JOYNER, ET AL., Appellants

## V.

## JUDGE GEORGE POWELL, ET AL., Appellees

**On Appeal from the 269th District Court
Harris County, Texas
Trial Court Cause No. 2018-05781**

## M E M O R A N D U M   O P I N I O N

Appellant filed a notice of appeal of an order denying recusal of a trial court judge in his suit alleging harm in the criminal justice system.

Appellant moved for disqualification of Judge Dan Hinde. Judge Hinde declined to recuse himself and referred the motion to the presiding judge of the Eleventh Judicial Administrative Region pursuant to Texas Rule of Civil Procedure 18a. The presiding

judge denied appellant's motion, and appellant filed a notice of appeal from the order denying his motion.

Generally, appellate courts have jurisdiction only over appeals from final judgments. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A judgment is final for purposes of appeal if the judgment disposes of all pending parties and claims before the trial court. *Id.* The clerk's record filed in this appeal does not show that the trial court has signed a final judgment that disposes of all parties and claims before the court.

An appellate court has jurisdiction to consider an appeal from an interlocutory order if a statute explicitly provides jurisdiction. *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998); *see, e.g.*, Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (West Supp. 2017) (authorizing appeals from certain interlocutory orders). However, an order denying a motion to recuse is not an appealable interlocutory order. *McAndrews v. Lowe*, No. 01-17-00792-CV, 2017 WL 6459597, at *1 (Tex. App.—Houston [1st Dist.] Dec. 19, 2017, no pet.) (mem. op.). To the contrary, Texas Rule of Civil Procedure 18a(j)(1)(A) expressly provides that "[a]n order denying a motion to recuse may be reviewed only for abuse of discretion on appeal from the final judgment." Tex. R. Civ. P. 18a(j)(1)(A).

On August 3, 2018, notification was transmitted to the parties of this court's intention to dismiss the appeal for want of jurisdiction unless on or before August 13, 2018, appellant filed a response demonstrating grounds for continuing the appeal. *See* Tex. R. App. P. 42.3(a). Appellant filed no response.

The appeal is ordered dismissed for lack of jurisdiction.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Boyce and Busby.

2