

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-19-00093-CV

_____

IN THE INTEREST OF A.S., A.S., AND G.S., CHILDREN

On Appeal from the County Court at Law No. 1
Randall County, Texas
Trial Court No. 75,425-L1, Honorable Jack M. Graham, Presiding

March 27, 2019

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, S.S., mother of A.S., A.S., and G.S., attempts to appeal from an order requiring her to participate in services provided by the Department of Family and Protective Services. The order was entered pursuant to the authority of § 264.203 of the Texas Family Code. TEX. FAM. CODE ANN. § 264.203 (a)(1)-(2) (West 2014) (stating that the court on request of the department may order the parent, conservator, guardian, or other member of the subject child's household to participate in the services the department provides or purchases for alleviating the effects of the abuse or neglect that has occurred or reducing the reasonable likelihood that the child may be abused or

neglected in the immediate or foreseeable future). In that order, the trial court also scheduled further hearings on the matter. We dismiss for want of jurisdiction.

Generally, appellate courts only have jurisdiction over final judgments. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A judgment is final for purposes of appeal if it disposes of all pending parties and claims. *Id.* We have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction. *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998). An order directing a parent to participate in child and family services pursuant to section 264.203 of the Family Code is not a final order or an order that is subject to interlocutory appeal. *In re N.N.*, No. 08-18-00049-CV, 2018 Tex. App. LEXIS 2643, at *1 (Tex. App.— El Paso Apr. 16, 2018, no pet.) (mem. op.) (dismissing for want of jurisdiction an interlocutory appeal from an order requiring participation in services).

Questioning whether we had jurisdiction over the appeal, we notified S.S. of our concern and directed her to explain in writing why jurisdiction exists. She replied but failed to illustrate that the order in question was either final or one regarding which statute permits an interlocutory appeal.

Accordingly, we dismiss this appeal for want of jurisdiction.

Per Curiam