

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-19-00173-CV

___

IN THE INTEREST OF M.A.M., A CHILD

___

On Appeal from the County Court at Law
Moore County, Texas
Trial Court No. CL200-18, Honorable Delwin T. McGee, Presiding

___

July 31, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

The suit underlying this appeal was initiated by the Texas Department of Family and Protective Services. The latter sought to terminate the parental relationship between M.A.M. and the child's biological parents, among other things. The trial court eventually issued its order dismissing the Department as the child's temporary managing conservator and returned the child to the child's mother. Nothing was said within the order about the cause of action for termination in general. Nor did the order mention appellant, A.M., father of M.A.M. of the termination suit against him. A.M. appealed.

Generally, appellate courts only have jurisdiction over final judgments. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A judgment is final for

purposes of appeal if it disposes of all pending parties and claims. *Id.* We have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction. *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998).

Questioning whether we had jurisdiction over the appeal, we notified A.M. and the Department. of our concern and directed them to explain in writing why jurisdiction exists. They were to file their replies no later than July 26, 2019. To date, neither has replied or otherwise attempted to explain how we have jurisdiction over this appeal, given that the order of dismissal encompassed only one of multiple aspects or causes of action and only one of multiple parties.

Accordingly, we dismiss this appeal for want of jurisdiction.

Per Curiam