

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00407-CV

JAMES WEEKS, APPELLANT

V.

AARON HERRERA, ET AL., APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 109,081-E-CV, Honorable Douglas R. Woodburn, Presiding

December 20, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

James Weeks, an inmate proceeding pro se, attempts to appeal the trial court's order denying his motion for free copies of his original petition. We dismiss the appeal because Weeks failed to pay the filing fee or comply with chapter 14 of the Civil Practice and Remedies Code and for want of jurisdiction.

By letter of November 21, 2019, we notified Weeks that the required filing fee of $205 did not accompany his notice of appeal. We directed him to pay the filing fee or, if indigent, to comply with chapter 14 of the Civil Practice and Remedies Code by filing an

affidavit of inability to pay costs, an affidavit relating to previous filings, and a certified copy of his inmate trust account statement. TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.002(a), 14.004 (West 2017). We further advised that if he did not comply by December 2, the appeal would be subject to dismissal without further notice. To date, Weeks has neither paid the filing fee nor filed the required chapter 14 documents.

Unless a party is excused from paying a filing fee, the Clerk of this Court is required to collect filing fees set by statute or the Supreme Court when an item is presented for filing. TEX. R. APP. P. 5, 12.1(b). An inmate who files an affidavit of inability to pay costs in an appeal or original proceeding must also comply with chapter 14 of the Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN § 14.002(a). An inmate's failure to comply with chapter 14 is grounds for dismissal of the appeal or original proceeding. *In re Johnson*, No. 07-16-00354-CV, 2016 Tex. App. LEXIS 11841, at *2 (Tex. App.—Amarillo Nov. 1, 2016, orig. proceeding) (per curiam) (mem. op.). Because Weeks failed to pay the filing fee or comply with chapter 14 within the time provided by this Court for compliance, we dismiss his appeal. TEX. R. APP. P. 42.3(c).

Furthermore, we have jurisdiction to hear an appeal only from a final judgment or from an interlocutory order made immediately appealable by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998) (per curiam). Weeks has not presented this Court with a final judgment or appealable order. With his notice of appeal, Weeks filed an "Application for Interlocutory Appeal," requesting that we grant him a permissive appeal or, in the alternative, construe his notice of appeal as a petition for writ of mandamus. Weeks's application does not, however, comply with the petition requirements for a permissive

appeal under Rule of Appellate Procedure 28.3 or for a writ of mandamus under Rule of Appellate Procedure 52.3.  Accordingly, we deny all relief requested in Weeks's "Application for Interlocutory Appeal."  By letter of November 22, 2019, we directed Weeks to show how we have jurisdiction over the appeal by December 2.  He did not file a response to our letter.  Finding no statutory authority allowing an interlocutory appeal from the trial court's order, we are without jurisdiction to review it.

Accordingly, the appeal is dismissed.  TEX. R. APP. P. 42.3(a), (c).

Per Curiam