

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00015-CV

---

PURNELL WILLIAMS, APPELLANT

V.

MIDTOWN LIVE SPORTS BAR & GRILL, ANTHONY SHERIDAN, JOHNNIE TYLER, L.M. RIVERS, JR., SHARLENE PERKINS, TITAN PROTECTIVE SERVICES, LLC, GERALD REED, JOSHUA SCOTT, AND DEZEREE LEROY, APPELLEES

On Appeal from the 200th District Court
Travis County, Texas
Trial Court No. D-1-GN-21-000597, Honorable Maya Guerra Gamble, Presiding

February 4, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant Purnell Williams, proceeding pro se, appeals from the trial court's *Order on Defendant Titan Protective Services, LLC, Gerald Reed, and Joshua Scott's Motion for Summary Judgment*.[1]  We dismiss the appeal for want of jurisdiction.

---

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001.

Williams sued nine defendants for negligence, alleging that he suffered personal injury and property damages after a physical altercation at Midtown Live Sports Bar & Grill. Three of the defendants, Titan Protective Services, LLC, Gerald Reed, and Joshua Scott, moved for summary judgment on Williams' claims. On November 18, 2021, the trial court signed an order granting their motion for summary judgment and dismissing the claims against them. Williams appealed the summary judgment order. His claims against the six other defendants remain pending.

We have jurisdiction to hear an appeal from a final judgment or from an interlocutory order made immediately appealable by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998) (per curiam). "[W]hen there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann*, 39 S.W.3d at 205. Here, the trial court's summary judgment order is not a final judgment as it does not include any finality language, nor does it dispose of all pending parties and claims. And, we have found no statutory authority permitting its interlocutory appeal.

By letter of January 20, 2022, we notified Williams that it did not appear from the record that a final judgment or appealable order had been issued by the trial court and directed him to show how we have jurisdiction over the appeal. Williams has filed a response but failed to demonstrate grounds for continuing the appeal.

Because Williams has not presented this Court with a final judgment or appealable order, we dismiss the appeal for want of jurisdiction.  *See* TEX. R. APP. P. 42.3(a).

Per Curiam