

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-22-00038-CV

_____

DUKE-KELLER OUTDOOR ADVERTISING, INC.
AND TEXAS NACK ENTERPRISES, L.L.C.
D/B/A KELLER OUTDOOR ADVERTISING, APPELLANTS

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court at Law Number 3
Lubbock County, Texas
Trial Court No. 2019-822,472; Honorable Benjamin A. Webb, Presiding

March 4, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellants Duke-Keller Outdoor Advertising, Inc. and Texas NaCK Enterprises, L.L.C. d/b/a Keller Outdoor Advertising appeal from the trial court's *Judgment of Court in Absence of Objection*. Because the trial court has granted a new trial, we dismiss the appeal for want of jurisdiction.

Appellee, the State of Texas, filed a petition for condemnation against the owners of certain real property in Lubbock County for highway purposes. On November 8, 2021, the trial court signed the *Judgment of Court in Absence of Objection*, condemning the property and adopting the damages award assessed by the appointed special commissioners. *See* TEX. PROP. CODE ANN. §§ 21.014, 21.061. Appellants timely filed a motion for new trial on December 7, 2021. *See* TEX. R. CIV. P. 329b(a). The motion was denied by operation of law on January 24, 2022. *See id.* at 4, 329b(c). However, the trial court signed an order granting a new trial on February 4, 2022, before the expiration of its plenary power. *See id*. at 329(e). That day, Appellants filed a notice of appeal from the judgment. *See* TEX. PROP. CODE ANN. § 21.063.

We have jurisdiction to hear an appeal from a final judgment or from an interlocutory order made immediately appealable by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998) (per curiam). When a trial court grants a new trial, the existing judgment is vacated and the case is returned to the trial court's docket as though there had been no previous trial or hearing. *Markowitz v. Markowitz*, 118 S.W.3d 82, 88 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).

By letter of February 8, 2022, we notified Appellants that it does not appear we have jurisdiction over the appeal because the trial court granted a new trial, vacating the final judgment. *See In re K.F.*, No. 07-08-00102-CV, 2008 Tex. App. LEXIS 2068, at *2 (Tex. App.—Amarillo Mar. 19, 2008, no pet.) (mem. op.) ("An order granting new trial deprives an appellate court of jurisdiction over the appeal."). We directed Appellants to

2

show how we have jurisdiction over the appeal by February 22, 2022. Appellants have not filed a response to the court's jurisdictional inquiry to date.

Because Appellants have not presented this court with a final judgment or appealable order, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

Per Curiam