# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00266-CV

**Alvy Childress, Appellant**

**v.**

**Sunz Insurance Company, Appellee**

### FROM THE 345TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-21-005341, THE HONORABLE MAYA GUERRA GAMBLE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Alvy Childress filed a notice of appeal from the trial court's April 15, 2022 order, which granted appellee Sunz Insurance Company's Motion to Transfer Venue. Upon initial review, the Clerk of this Court sent Childress a letter informing him that this Court appears to lack jurisdiction over the appeal because our jurisdiction is limited to appeals in which there exists a final or appealable judgment or order, and an order granting a motion to transfer venue is not an appealable interlocutory order. *See* Tex. Civ. Prac. & Rem. Code § 51.012; *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (explaining that appeal generally may only be taken from final judgment that disposes of all pending parties and claims in record unless statute provides for interlocutory appeal); *Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998) ("Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction."); *see also* Tex. Civ. Prac. & Rem.

Code § 51.014 (specifically permitting appeal of various interlocutory orders but not permitting appeal from grant or denial of motion to transfer venue); Tex. Civ. Prac. & Rem. Code § 15.064(a) (providing that there is no interlocutory appeal from trial court's venue determinations); Tex. R. Civ. P. 87(6) (prohibiting interlocutory appeals from orders on motions to transfer venue). The Clerk requested a response on or before July 11, 2022, informing this Court of any basis that exists for jurisdiction.

Childress has filed a response to our notice, but he has not demonstrated this Court's jurisdiction over his appeal of the trial court's order transferring venue. In his response, Childress requests that we review the trial court's order transferring venue as a denial of a temporary injunction, which would render it an appealable interlocutory order under Texas Civil Practice & Remedies Code Section 51.014(a)(4). We decline to do so. There is no indication in the record that the trial court considered any request for injunctive relief related to venue, and Childress does not explain how an application for injunctive relief could enable the trial court to avoid complying with the mandatory venue provision in Texas Labor Code Section 410.252. *See* Tex. Lab. Code § 410.252(b)(1) (requiring party bringing suit for judicial review of workers' compensation administrative proceeding to file petition in county where employee resided at time of injury); *see also* Tex. Civ. Prac. & Rem. Code § 15.016 (requiring that case governed by "statute prescribing mandatory venue shall be brought in the county required by that statute").

To the extent that Childress also seeks in his response to have his notice of appeal construed as an original proceeding seeking "[m]andamus review of this truly unprecedented claim," we would deny the original proceeding. To the extent Childress may be arguing that he is seeking to enforce mandatory venue in Travis County rather than Tom Green County, on this record, the trial court did not abuse its discretion by transferring venue when Childress's

2

pleadings established that venue was mandatory in Tom Green County. *See* Tex. Lab. Code § 410.252(b)(1).

Accordingly, for the reasons explained above, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

Gisela D. Triana, Justice

Before Chief Justice Byrne, Justices Triana and Smith

Dismissed for Want of Jurisdiction

Filed:   July 22, 2022