

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00040-CV

---

RICKYE HENDERSON, APPELLANT

V.

MUAYAD ALMAHBOBI AND SCHUH FAMILY LP, APPELLEES

---

On Appeal from the 53rd District Court
Travis County, Texas
Trial Court No. D-1-GN-22-002051, Honorable Madeleine Connor, Presiding

---

May 9, 2023

MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Rickye Henderson, appearing pro se, appeals from the trial court's *Order Granting Defendant Schuh Family LP's Traditional and No-Evidence Motion for Summary Judgment.*[1]  Pending before the Court is a motion to dismiss the interlocutory

---

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001.

appeal for want of jurisdiction filed by Appellee, Schuh Family LP.   We grant the motion and dismiss the appeal.

In May 2022, Henderson sued Appellees, Muayad Almahbobi and Schuh Family, for breach of contract and other claims related to a purported sublease of commercial property.   Appellees answered the suit.   Schuh Family filed a counterclaim seeking declaratory relief and attorney's fees.  Schuh Family later moved for summary judgment on Henderson's claims.  On December 16, 2022, the trial court signed an order granting Schuh Family's motion for summary judgment and dismissing Henderson's claims against it.  Henderson appealed the summary judgment order with Schuh Family's counterclaim and Henderson's claims against Almahbobi still pending.

We have jurisdiction to hear an appeal from a final judgment or from an interlocutory order made immediately appealable by statute.  *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998) (per curiam).   "[W]hen there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann*, 39 S.W.3d at 205.  Here, the trial court's summary judgment order is not a final judgment as it does not include any finality language, nor does it dispose of all pending parties and claims.  Further, we have found no statutory authority permitting its interlocutory appeal.

2

Schuh Family now moves to dismiss the interlocutory appeal for want of jurisdiction.  Henderson has filed a response to the motion, but failed to demonstrate grounds for continuing the appeal.

Because Henderson has not presented this Court with a final judgment or appealable order, we grant Schuh Family's motion to dismiss and dismiss the appeal for want of jurisdiction.  *See* TEX. R. APP. P. 42.3(a).

Per Curiam