# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-23-00262-CV

**John Desmarais, Appellant**

**v.**

**Unknown, Appellee[1]**

### FROM THE 169TH DISTRICT COURT OF BELL COUNTY
### NO. 199704, THE HONORABLE GORDON G. ADAMS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On April 10, 2023, appellant John Desmarais filed a notice of appeal. Desmarais appeals from a final divorce decree signed sometime in 2004.[2] The notice of appeal was due to be filed within 30 days of its signing. *See* Tex. R. App. P. 26.1 (requiring notice of appeal to be filed within 30 days after judgment is signed). It was not filed until April 10, 2023.

Desmarais also included a March 4, 2023 child-support arrearage notice with the notice of appeal. This Court's jurisdiction is limited to appeals in which there exists a final or appealable judgment or order, and a child-support arrearage notice is not an appealable interlocutory order. *See* Tex. Civ. Prac. & Rem. Code § 51.012; *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (explaining that appeal generally may only be taken from final

---

[1] We have designated the appellee as "unknown" because in the absence of the clerk's record the Court is unable to discern from appellant's notice of appeal the name of the appellee.

[2] As explained in more detail below, the clerk's record is overdue, and the notice of appeal does not state the exact date of the 2004 divorce decree from which Desmarais appeals.

judgment that disposes of all pending parties and claims in record unless statute provides for interlocutory appeal); *Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998) ("Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction."); *see also* Tex. Civ. Prac. & Rem. Code § 51.014 (specifically permitting appeal of various interlocutory orders but not permitting appeal from grant or denial of child-support arrearage notice).

On June 13, 2023, after an initial review of the notice of appeal, the Clerk of this Court sent Desmarais a letter informing him that the Court appears to lack jurisdiction over the appeal for the reasons stated above and requesting a response informing us of any basis that exists for jurisdiction. To date, Desmarais has not responded. Desmarais's April 10, 2023 notice of appeal is untimely and the child-support arrearage notice is not an appealable order; we therefore lack jurisdiction over this appeal. *See* Tex. R. App. P. 25.1(b) (providing that filing notice of appeal invokes appellate court's jurisdiction); *id.* R. 2 (establishing that appellate court may not alter time for perfecting appeal in civil case). Accordingly, we dismiss the appeal for want of jurisdiction. *See id.* R. 42.3(a).

In addition, the clerk's record in this appeal was due for filing in this Court on May 10, 2023. On May 31, 2023, we notified Desmarais that no clerk's record had been filed due to his failure to pay or make arrangements to pay the trial clerk's fee for preparing the clerk's record. The notice requested that Desmarais make arrangements for the clerk's record and submit a status report regarding this appeal by June 9, 2023. Further, the notice advised Desmarais that his failure to comply with this request could result in the dismissal of the appeal for want of prosecution. To date, Desmarais has not filed a status report or otherwise responded to this Court's notice, and the clerk's record has not been filed.

2

If a trial-court clerk fails to file the clerk's record due to an appellant's failure to pay or make arrangements to pay for the clerk's fee for preparing the record, the appellate court may dismiss the appeal for want of prosecution unless the appellant was entitled to proceed without payment of costs. Tex. R. App. P. 37.3(b). In this case, Desmarais has not established that he is entitled to proceed without payment of costs. *See* Tex. R. Civ. P. 145. Because Desmarais has failed to pay or make arrangements to pay the clerk's fee for preparing the clerk's record, this appeal is dismissed for want of prosecution. *See* Tex. R. App. P. 42.3(b).

_____

Gisela D. Triana, Justice

Before Chief Justice Byrne, Justices Triana and Theofanis

Dismissed for Want of Jurisdiction

Filed: June 30, 2023