

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00273-CV

---

PAUL RAYMOND CASTILLO, APPELLANT

V.

MELANIE CASTILLO, APPELLEE

---

On Appeal from the 456th District Court
Guadalupe County, Texas
Trial Court No. 21-0610-CV-E, Honorable Heather H. Wright, Presiding

---

November 30, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Paul Raymond Castillo, and Appellee, Melanie Castillo, were divorced in 2021. Two years later, Paul filed a post-judgment petition to partition their jointly owned real property. On May 31, 2023, the trial court signed a judgment partitioning the property. However, on June 26, 2023, the trial court granted Melanie's timely filed a motion for new

trial. Paul has filed a notice of appeal from the trial court's *Order Granting New Trial*.[1] We dismiss the purported appeal for want of jurisdiction.

We have jurisdiction to hear an appeal from a final judgment or from an interlocutory order made immediately appealable by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998) (per curiam). When a trial court grants a new trial, the order has the legal effect of vacating the trial court's original judgment and returning the case to the trial docket as though there had been no previous trial or hearing. *Markowitz v. Markowitz*, 118 S.W.3d 82, 88 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (op. on reh'g). Consequently, once a new trial is granted, there is no final judgment from which an appeal may be prosecuted. *Wade v. Deere Credit Servs.*, No. 07-04-00067-CV, 2004 Tex. App. LEXIS 2569, at *1–2 (Tex. App.—Amarillo Mar. 23, 2004, no pet.) (mem. op). Further, an order granting a new trial is not appealable by interlocutory appeal. *See Harris Cty. Appraisal Dist. v. Crossview Partners., Ltd.*, No. 01-22-00155-CV, 2023 Tex. App. LEXIS 3920, at *4–5 (Tex. App.—Houston [1st Dist.] June 8, 2023, no pet.) (mem. op.) (dismissing appeal from order granting a new trial for want of jurisdiction).

By letter of October 26, 2023, we notified Paul that it did not appear we have jurisdiction over the appeal because the trial court's *Order Granting New Trial* vacated the final judgment and is not an appealable interlocutory order. We directed Paul to show grounds for continuing the appeal by November 6, 2023, or we would dismiss the appeal for want of jurisdiction. Paul has not responded to our letter to date.

---

[1] Originally appealed to the Fourth Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001.

Because there is no final judgment or appealable order presented for review, we dismiss the appeal for want of jurisdiction.  *See* TEX. R. APP. P. 42.3(a).

Per Curiam