

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00396-CV

---

IN THE MATTER OF THE MARRIAGE OF JOE DAVIS AND JANELLE HUI LUO

---

On Appeal from the County Court at Law No. 1
Williamson County, Texas[1]
Trial Court No. 23-0277-FC1, Honorable Rick J. Kennon, Presiding

---

December 6, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Janelle Hui Luo, proceeding pro se, appeals from the trial court's *Order Granting Petitioner's Motion for Partial Summary Judgment*. We dismiss the appeal for want of jurisdiction.

In January 2023, Appellee, Joe Davis, filed a petition for divorce from Luo. Davis later filed a motion for a partial summary judgment regarding the enforceability of the parties' premarital agreement. On September 7, 2023, the trial court signed an order

---

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001.

granting Davis partial summary judgment and finding that the premarital agreement is fully enforceable. Luo filed this appeal from the *Order Granting Petitioner's Motion for Partial Summary Judgment*. A final hearing in the divorce proceeding has not yet been scheduled.

We have jurisdiction to hear an appeal from a final judgment or from an interlocutory order made immediately appealable by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998) (per curiam). "[W]hen there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann*, 39 S.W.3d at 205. Here, the trial court's partial summary judgment order is not a final judgment as it does not include any finality language, nor does it dispose of all pending parties and claims. Further, we have found no statutory authority permitting its interlocutory appeal.

By letter of November 2, 2023, we notified Luo that it did not appear we have jurisdiction over the appeal because the trial court's *Order Granting Petitioner's Motion for Partial Summary Judgment* is not a final judgment or an appealable interlocutory order. We directed Luo to show grounds for continuing the appeal by November 13, 2023, or we would dismiss the appeal for want of jurisdiction. Luo has not responded to our letter to date.

Because there is no final judgment or appealable order presented for review, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

Per Curiam

2