

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00347-CV

---

JOSEPH ROZSA, APPELLANT

V.

JUSTIN FLEMING AND ANNA OGI, APPELLEES

---

On Appeal from the 250th District Court
Travis County, Texas
Trial Court No. D-1-GN-24-004244, Honorable F. Scott McCown, Presiding

---

December 6, 2024

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Joseph Rozsa, proceeding pro se, appeals from three trial court orders: (1) *Order on Plaintiffs' Motion to Remove Fraudulent Lien*, (2) *Order on Defendant's Motion to Dismiss*, and (3) *Interlocutory Default Judgment*.[1]  Because there is no final

---

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001.

judgment in this case and the orders presented are not immediately appealable, we dismiss the appeal the appeal for want of jurisdiction.

## Background

Appellees, Justin Fleming and Anna Ogi, sued Rozsa and Launch Studios, LLC for various claims arising from an alleged breach of a residential lease. By their suit, Appellees also sought to remove Rozsa's mechanic's lien on the subject property. Rozsa answered and moved to dismiss Appellees' suit. By orders of October 2, 2024, the trial court granted Appellees' motion to remove the mechanic's lien, denied Rozsa's motion to dismiss the lawsuit, and granted Appellees a no-answer, default judgment against Launch Studios. These orders did not dispose of Appellees' claims against Rozsa. Indeed, the *Interlocutory Default Judgment* expressly states that it "shall be incorporated into the final judgement when the case against Joseph Rozsa is resolved."

## Analysis

Appellate courts have jurisdiction to hear appeals from final judgments or from interlocutory orders made immediately appealable by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998) (per curiam). "[W]hen there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann*, 39 S.W.3d at 205–206.

2

The *Order on Plaintiffs' Motion to Remove Fraudulent Lien*, *Order on Defendant's Motion to Dismiss, and Interlocutory Default Judgment* do not include any finality language, nor do they resolve Appellees' claims against Rozsa. *See Lehmann*, 39 S.W.3d at 205–06. Consequently, these orders are interlocutory, and we have found no statutory authority permitting their appeal.

By letter of November 12, 2024, we informed Rozsa that it appeared we lacked jurisdiction over this appeal. We directed him to demonstrate grounds for continuing the appeal by November 22, 2024, or we would dismiss the appeal for want of jurisdiction. To date, Rozsa has not responded to our letter.

For the reasons set forth above, we conclude that there is no final judgment or appealable order presented for review. We, therefore, dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

Per Curiam