

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-20-00108-CV

———————————————

IN THE INTEREST OF R.S., A CHILD

On Appeal from the 323rd District Court
Tarrant County, Texas
Trial Court No. 323-110118-19

Before Bassel, Womack, and Wallach, JJ.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

Appellant N.R. (Mother) attempts to appeal from an order terminating her parental rights to her son R.S. The trial court signed the termination order on March 13, 2020. Thereafter, Mother timely filed a motion to modify, reform, or correct the judgment, requesting that the trial court vacate the ruling of March 13, 2020; order a transitional monitored return; and set a new dismissal date of August 14, 2020. The trial court granted the motion on April 2, 2020.

By letter dated April 7, 2020, we notified Mother that it appeared that we lack jurisdiction over her appeal because the trial court had granted her motion. We asked her to file a response stating grounds for continuing the appeal by April 17, 2020, or we would dismiss the appeal.[1] We received no response.

We have jurisdiction to hear an appeal from a final judgment or from an interlocutory order made immediately appealable by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (final judgment); *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998) (interlocutory appeal). Here, the trial court's order granting Mother's motion to modify had the effect of vacating the March 13, 2020 termination order and continuing the case. *See Thomas v. Arrow Fin. Servs.*, LLC, No. 09-09-00160-CV, 2010 WL 668783, at *1 (Tex. App.—Beaumont Feb. 25, 2010, no pet.) (mem. op.) (noting that judgment is not final when vacated within trial court's plenary

---

[1]Our letter incorrectly referred to Mother's motion as a motion for new trial and stated that we would dismiss the appeal as moot if we received no response.

2

power).  Thus, there is currently no final judgment or appealable interlocutory order to support the appeal.

Accordingly, we dismiss the appeal for want of jurisdiction.  *See* Tex. R. App. P. 42.3(a).

Per Curiam

Delivered:  April 23, 2020