# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-20-00612-CV

**Kyle Holland, Appellant**

**v.**

**Kristine Scroggie, Appellee**

### FROM THE 261ST DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-FM-03-000048, THE HONORABLE MARGARET G. MIRABAL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Kyle Holland has filed a notice of appeal of an order denying a motion to recuse the trial court judge in a suit affecting the parent-child relationship. We dismiss the appeal for want of jurisdiction.

Holland moved for recusal of the Honorable Andrew Hathcock. Judge Hathcock declined to recuse himself and referred the motion to the regional presiding judge, the Honorable Billy Ray Stubblefield, pursuant to Texas Rule of Civil Procedure 18a. Judge Stubblefield assigned the Honorable Margaret Mirabal "to preside in the Motion to Recuse" Judge Hathcock. Judge Mirabal signed an order denying the motion, stating that the motion was unverified and that Holland's assertions were based on Judge Hathcock's rulings in the case and facts Judge Hathcock learned from his participation in the case. Judge Mirabal further found that Holland had not stated facts that, if proven, would be sufficient to justify recusal. Holland then filed a notice of appeal of the denial of the motion to recuse Judge Hathcock.

Generally, appellate courts have jurisdiction only over appeals from final judgments. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A judgment is final for purposes of appeal if the judgment disposes of all pending parties and claims before the trial court. *Id.*

An appellate court also has jurisdiction to consider an appeal from an interlocutory order if a statute explicitly provides jurisdiction. *Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998); *see e.g.*, Tex. Civ. Prac. & Rem. Code § 51.014 (authorizing appeals from certain interlocutory orders). However, an order denying a motion to recuse is not an appealable interlocutory order. *See, e.g.*, *McAndrews v. Lowe*, No. 01-17-09792-CV, 2017 WL 6459597, at *1 (Tex. App.—Houston [1st Dist.] Dec. 19, 2017, no pet.) (mem. op.) (per curiam). To the contrary, Texas Rule of Civil Procedure 18a(j)(1)(A) expressly provides that "[a]n order denying a motion to recuse may be reviewed only for abuse of discretion on appeal from the final judgment." Tex. R. Civ. P. 18a(j)(1)(A); *see McAndrews*, 2017 WL 6459597, at *1 (explaining interlocutory order denying motion to recuse is appealable only on appeal of final judgment).

The Clerk of this Court notified Holland that the appeal was subject to dismissal for want of jurisdiction unless he filed a written response showing how this Court has jurisdiction over this appeal. *See* Tex. R. App. P. 42.3(a). Holland filed a response in which he correctly stated that "an order denying a motion to recuse may be reviewed for abuse of discretion on appeal from the final judgment." Holland did not provide any additional information showing that the trial court has signed a final judgment in the underlying proceeding or otherwise demonstrating that this Court has jurisdiction over this appeal.

Accordingly, we dismiss the appeal for want of jurisdiction.

_____
Thomas J. Baker, Justice

Before Chief Justice Byrne, Justices Baker and Smith

Dismissed for Want of Jurisdiction

Filed:  February 11, 2021