**Opinion issued August 11, 2022**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-21-00400-CV
_____

**DAVID GHAZVINI, Appellant**

**V.**

**TOYOTA MOTORS SALES, USA, INC., Appellee**

---

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Case No. 1153009**

---

## MEMORANDUM OPINION

Appellant, David Ghazvini, filed a notice of appeal on July 23, 2021 seeking to appeal an order signed by the trial court on July 7, 2021 denying Ghazvini's motion to vacate the trial court's June 17, 2020 final judgment and reopen the case. We dismiss the appeal for want of jurisdiction.

An order denying a motion to vacate is not independently appealable. *See Anassi v. Off. of Att'y Gen. of Texas*, No. 01-21-00296-CV, 2021 WL 4733235, at *1 (Tex. App.—Houston [1st Dist.] Oct. 12, 2021, no pet.); *In re Estate of Garza*, No. 13-14-00730-CV, 2015 WL 3799370, at *4 (Tex. App.—Corpus Christi-Edinburgh June 18, 2015, no pet.); *see also Blank v. Nuszen*, No. 01-18-00379-CV, 2019 WL 3783326, at *1 (Tex. App.—Houston [1st Dist.] Aug. 13, 2019, no pet.). The July 7, 2021 order is not a final judgment and our Court has jurisdiction to hear an interlocutory appeal only if authorized by statute. *See* TEX. CIV. PRAC. & REM. CODE § 51.014; *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998). The July 7, 2021 order is not one for which an interlocutory appeal is statutorily authorized.

The appealable judgment in this case was the final judgment signed by the trial court on June 17, 2020. Even if this Court were to construe Ghazvini's July 23, 2021 notice of appeal as an attempt to appeal from the final judgment signed on June 17, 2020, the notice of appeal was untimely filed more than a year after the judgment. *See* TEX. R. APP. P. 26.1(a) (requiring notice of appeal to be filed within thirty days after judgment is signed or within ninety days if party timely files motion for new trial). Absent a timely filed notice of appeal, our Court lacks jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1; *Jarrell v. Bergdorf*, 580 S.W.3d 463, 466 (Tex. App.—Houston [14th Dist.] 2019, no pet.).

On June 14, 2022, the Clerk of this Court notified the parties that this Court might dismiss this appeal for want of jurisdiction unless Ghazvini timely filed a response demonstrating that this Court has jurisdiction over the appeal. *See* TEX. R. APP. P. 42.3(a). Ghazvini did not file a response.

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Goodman and Hightower.