# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO.  03-21-00675-CV

**Jason Hodge, Appellant**

**v.**

**Amanda Carter, Independent Administrator of the Estate of Quinton Hodge, Jr., a/k/a J. Q. Hodge, Jr., Deceased, Appellee**

### FROM THE 335TH DISTRICT COURT OF LEE COUNTY
### NO. 16,588, THE HONORABLE REVA TOWSLEE-CORBETT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Jason Hodge filed two notices of appeal from the trial court's December 8, 2021 "Order Granting Defendant Amanda Carter's Motion to Dismiss Plaintiff's Claims Pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code," which are docketed together in this cause number.  Hodge had filed two separate petitions in the underlying probate proceeding.  Both petitions asserted claims against appellee Amanda Carter, the independent administrator of the estate, but the second one also included as a defendant the purchaser of land sold by the estate administrator with the probate court's permission.  Upon initial review, the Clerk of this Court sent Hodge a letter informing him that this Court appears to lack jurisdiction over the appeal because our jurisdiction is limited to appeals in which there exists a final or appealable judgment or order.  *See* Tex. Civ. Prac. & Rem. Code § 51.012; *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (explaining that appeal generally

may only be taken from final judgment that disposes of all pending parties and claims in record unless statute provides for interlocutory appeal). In this case, the trial court's order only disposes of Hodge's claims against one defendant, and an order granting a Texas Citizens Participation Act motion to dismiss in favor of only one of multiple defendants is not an appealable interlocutory order. *See Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998) ("Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction."); *see also* Tex. Civ. Prac. & Rem. Code § 51.014 (specifically permitting appeal of various interlocutory orders but not permitting appeal from grant of TCPA motion to dismiss); *In re Panchakarla*, 602 S.W.3d 536, 538 (Tex. 2020) (orig. proceeding) ("If granting the [TCPA] motion does not resolve the entire controversy, the order is interlocutory and unappealable unless made final by severance."). In addition, the trial court's order states that the amount and reasonableness of TCPA attorneys' fees and sanctions to be awarded to Carter will be determined at a future time. The Clerk requested a response on or before October 17, 2022, informing this Court of any basis that exists for jurisdiction. To date, no response has been filed.

Accordingly, for the reasons explained above, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

Gisela D. Triana, Justice

Before Chief Justice Byrne, Justice Triana, and Justice Smith

Dismissed for Want of Jurisdiction

Filed: October 27, 2022