# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00433-CV

**Katharine Ehresman, Appellant**

**v.**

**LF Technology Development Corporation Limited; TECX Academy Austin, Inc.; Starstone Specialty Insurance Company; and, Individually, Alexander Greystoke; Patricio Lebrija; John McLaughlin; Lyanne Millhouse; Eli Rabinowitz; Simon Holden; Michael Culhane; Oscar Ramos; Susan Strasberg; Chris Nichols; Michael Casey; and John Doe(s) 1-20, Appellees**

### FROM THE 345TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-20-001996, THE HONORABLE MADELEINE CONNOR, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Katharine Ehresman filed a notice of appeal from the trial court's June 15, 2022 "Order Granting Named Defendants' No Evidence Motion for Summary Judgment." Upon initial review, the Clerk of this Court sent Ehresman a letter informing her that this Court appears to lack jurisdiction over the appeal because our jurisdiction is limited to appeals in which there exists a final or appealable judgment or order. *See* Tex. Civ. Prac. & Rem. Code § 51.012; *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (explaining that appeal generally may only be taken from final judgment that disposes of all pending parties and claims in record unless statute provides for interlocutory appeal). In this case, the trial court's order only disposes of Ehresman's claims against some, but not all, of the defendants,

and an order granting summary judgment in favor of only some of multiple defendants is not an appealable interlocutory order. *Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998) ("Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction."); *see also* Tex. Civ. Prac. & Rem. Code § 51.014 (specifically permitting appeal of various interlocutory orders but not permitting appeal from grant of partial summary judgment). The Clerk requested a response on or before October 28, 2022, informing this Court of any basis that exists for jurisdiction. Ehresman failed to file any response.

Accordingly, for the reasons explained above, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Triana and Smith

Dismissed for Want of Jurisdiction

Filed: November 18, 2022

2