

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00018-CV

---

### IN THE INTEREST OF H.P., A CHILD

---

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2021-544,580, Honorable Kelley Tesch, Associate Judge Presiding

---

February 16, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, S.S., attempts to appeal the associate judge's order terminating her parental rights to H.P., a child.[1] The associate judge signed the "report and order" on January 23, 2023. A day later, S.S. filed a "Notice of Appeal From Associate Judge's Ruling and Request for De Novo Trial." Although the title of the document includes "Notice of Appeal," it only requests a de novo hearing before the referring court.

---

[1] To protect the privacy of the parties involved, we refer to them by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b)(2).

Generally, appellate courts only have jurisdiction over final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see also See* TEX. FAM. CODE ANN. § 109.002(b) (permitting appeals from final orders). Because S.S. filed a request for de novo review within three working days of the associate judge's order, the order is not a final order. *See* TEX. FAM. CODE ANN. §§ 201.007(14), (16) (concerning finality of associate judge orders); 201.015 (permitting de novo hearings before referring court), 201.016(b) (identifying controlling date for purposes of appeal); 201.2041(a) (concerning associate judge orders in child protection cases); 201.2042 (permitting de novo hearings before referring court in child protection cases). And, we have found no statutory authority granting an immediate appeal from such an interlocutory order. *See Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998) (per curiam) ("Appellate courts have jurisdiction to consider immediate appeals from interlocutory orders only if a statute explicitly provides appellate jurisdiction.").

By letter of January 26, 2023, we notified S.S. that it did not appear we had jurisdiction over the appeal. We directed her to show grounds for continuing the appeal by February 6, 2023, or we would dismiss the appeal for want of jurisdiction. S.S. did not respond to our letter and has had no further communication with this Court to date.

Because there is no final order in this case, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a)

Per Curiam