

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00212-CV

IN THE INTEREST OF X.R. AND X.A., CHILDREN

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 097429-D-FM, Honorable Carry A. Baker, Associate Judge Presiding

July 26, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

In January 2023, the Department of Family and Protective Services filed suit to terminate the parental rights of M.V. to her children, X.R. and X.A.[1]  M.V. is represented in the proceedings by appointed trial counsel.  On June 13, 2023, the Department filed a "Permanency Report to the Court–Temporary Managing Conservatorship," recommending, among other things, that the Department continue to serve as temporary managing conservators of the children.  A day later, M.V. and S.P., relationship unknown,

---

[1] To protect the children's privacy, we refer to Appellants and the children by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(a)(b).

filed a notice of appeal, pro se, from the purported "denial of placement of the children . . . with relatives." We dismiss the appeal for want of jurisdiction.

We have jurisdiction to hear an appeal from a final judgment or from an interlocutory order made immediately appealable by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998) (per curiam). Here, the trial court has not entered a final judgment or an appealable interlocutory order. *See* TEX. FAM. CODE ANN. § 109.002(b) (permitting appeals from final orders); *In the Interest of A.J.*, No. 02-11-00442-CV, 2012 Tex. App. LEXIS 476, at *1–2 (Tex. App.—Fort Worth Jan. 19, 2012, no pet.) (per curiam) (mem. op.) (holding that a permanency hearing order is neither a final judgment nor an appealable interlocutory order).

By letter of June 23, 2023, we notified Appellants that it did not appear that a final judgment or appealable order had been issued by the trial court and directed them to show how we have jurisdiction over this appeal. M.V. filed a response and an "amended appeal" but has not demonstrated grounds for continuing the appeal.

Because Appellants have not presented this Court with a final judgment or appealable order, the appeal is dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

Per Curiam

2