# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-23-00462-CV

**Gregory Royal, Appellant**

v.

**MB Landscape Solutions, individually and jointly; Baldemar Arias, individually and jointly; Unnamed MB Landscape Solutions' Employee-Tortfeasor (TBD), individually and jointly; Unnamed MB Landscape Solutions' Liability Insurer (TBD), individually and jointly; Bridge at Terracina, LLC, d/b/a Bridge at Terracina, individually and jointly; Unnamed Bridge at Terracina, LLC, d/b/a Bridge at Terracina Liability Insurer (TBD), individually and jointly; Apartment Management Professionals, individually and jointly; and Unnamed Apartment Management Professionals' Liability Insurer (TBD), individually and jointly, Appellees**

### FROM THE 455TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-22-002763, THE HONORABLE LAURIE EISERLOH, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Gregory Royal filed a notice of appeal from the trial court's "Final Judgment (Summary Judgment Order) signed on May 1, 2023, as well as the Order Denying Plaintiff's Motion for Reconsideration of July 3, 2023, [and] any other rulings subsumed therein."[1] Upon initial review, the Clerk of this Court sent Royal a letter informing him that this Court appears to lack jurisdiction over the appeal because our jurisdiction is limited to appeals in

---

[1] As we informed Royal, the only summary-judgment order in the clerk's record filed with this Court is an "Order Granting Apartment Management Professionals' Motion for Summary Judgment" that was signed by the trial court on May 3, 2023. The trial court's "Order Denying Plaintiff's Motion for Reconsideration" of the order granting Apartment Management Professionals' summary-judgment motion was signed by the trial court on July 3, 2023.

which there exists a final or appealable judgment or order. *See* Tex. Civ. Prac. & Rem. Code § 51.012; *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (explaining that appeal generally may only be taken from final judgment that disposes of all pending parties and claims in record unless statute provides for interlocutory appeal). In this case, the trial court's order only disposes of Royal's claims against one defendant, and an order granting summary judgment in favor of only one of multiple defendants is not an appealable interlocutory order. *Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998) ("Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction."); *see also* Tex. Civ. Prac. & Rem. Code § 51.014 (specifically permitting appeal of various interlocutory orders but not permitting appeal from grant of partial summary judgment). The Clerk requested a response on or before September 25, 2023, informing this Court of any basis that exists for jurisdiction. To date, no response has been filed.

Accordingly, for the reasons explained above, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

Gisela D. Triana, Justice

Before Justices Baker, Triana, and Smith

Dismissed for Want of Jurisdiction

Filed:   September 29, 2023