# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-23-00652-CV

**Brigitte Starkey and David Starkey, Appellants**

**v.**

**Diana Hiebler, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-22-003363, THE HONORABLE TODD T. WONG, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellee Diana Hiebler moves to dismiss this appeal for want of jurisdiction. Appellants Brigitte Starkey and David Starkey appealed the trial court's order granting Hiebler's motion for summary judgment in part and denying that motion in part. Because the order appealed is not a final judgment and the Starkeys have not asserted any basis on which they can appeal a non-final judgment, we will grant the motion and dismiss this appeal.

Hiebler filed a petition for forcible detainer asserting that she was entitled to possession of land she had leased to the Starkeys. She complained that the Starkeys had improperly stayed on the land beyond the lease term and had violated other lease terms including payment of rent. Hiebler moved for traditional summary judgment. The trial court granted the motion on grounds that the Starkeys retained possession of the premises after the expiration of the rental period; the trial court ordered the Starkeys to immediately vacate the premises. The trial court denied the motion for summary judgment in all other respects, including as to the Starkeys' liability for alleged lease violations and as to any award of back rent. The Starkeys

filed a notice of appeal without specifying any basis for a permissive or interlocutory appeal of a non-final judgment. Hiebler moved to dismiss for want of jurisdiction, and the Starkeys have not replied.

In civil cases, Texas courts of appeals generally have jurisdiction over appeals only from final judgments. Tex. Civ. Prac. & Rem. Code § 51.012. We have jurisdiction to consider appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction. *Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998); *see also* Tex. Civ. Prac. & Rem. Code § 51.014. A judgment issued without following a conventional trial is final for purposes of appeal only if either (1) it actually disposes of all claims and parties then before the court, regardless of its language, or (2) it states with unmistakable clarity that it is a final judgment as to all claims and all parties. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192-93 (Tex. 2001). The order appealed expressly denies summary judgment on claims for liability for lease violations and back rent–claims outside the scope of the grounds on which the court granted summary judgment and ordered the Starkeys to vacate the premises. It is not a final judgment and is not otherwise appealable.

Because we lack jurisdiction over the non-final order appealed, we grant Hiebler's motion and dismiss this appeal.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Kelly and Theofanis

Dismissed for Want of Jurisdiction

Filed: December 29, 2023