

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00356-CV

---

EMMANUEL JOHN, APPELLANT

V.

TONY TRUONG, APPELLEE

---

On Appeal from the County Court at Law Number 2
Travis County, Texas
Trial Court No. C-1-CV-22-002562, Honorable Eric Shepperd, Presiding

---

January 9, 2024

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Emmanuel John, appeals from the trial court's *Order on Plaintiff's Motion for Release of Funds Held in Court's Registry*.[1] We dismiss the appeal the appeal for want of jurisdiction.

---

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001.

This dispute arises from a commercial lease between Appellee, Tony Truong, and John. In May 2022, Truong filed a forcible detainer action against John in justice court for nonpayment of rent. Following the trial, the justice court issued a judgment of possession in favor of Truong. John later appealed to the county court. In lieu of an appeal bond, John filed a pauper's affidavit and paid one month's rent of $2,200 into the registry of the court. *See* TEX. PROP. CODE ANN. § 24.0053(a-1).

On appeal before the county court, Truong filed an amended petition seeking possession of the property, past due rent, attorney's fees, and costs of suit. In September 2022, Truong moved for a writ of possession due to John's failure to continue to pay the monthly rent into the court's registry during the appeal. *See* TEX. PROP. CODE ANN. § 24.0054. The county court subsequently granted the motion and issued a writ of possession of the premises to Truong.

In March 2023, Truong moved to release the $2,200 held in the court's registry pursuant to section 24.0053(a-4) of the Property Code. This provision permits a plaintiff in an eviction suit to withdraw money deposited in the court registry before the final disposition of the case. *See* TEX. PROP. CODE ANN. § 24.0053(a-4) (permitting the withdrawal of money deposited in the court registry, upon sworn motion and hearing, "before the final determination in the case, dismissal of the appeal, or order of the court after final hearing"). By order of September 20, 2023, the county court granted the motion and ordered the funds to be released to Truong. Truong filed this appeal from that order. The record reflects that Truong's claims for past due rent, attorney's fees, and costs of court remain pending.

2

We have jurisdiction to hear an appeal from a final judgment or from an interlocutory order made immediately appealable by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998) (per curiam). "[W]hen there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann*, 39 S.W.3d at 205.

The trial court's order releasing funds held in the registry of the court is not a final judgment as it does not include any finality language, nor does it dispose of all pending parties and claims, specifically Truong's claims for past due rent, attorney's fees, and costs. *See* TEX. PROP. CODE ANN 24.0053(a-4). Further, we have found no statutory authority permitting its interlocutory appeal.

By letter of November 21, 2023, we notified John that it did not appear we have jurisdiction over the appeal because the trial court's *Order on Plaintiff's Motion for Release of Funds Held in Court's Registry* is not a final judgment or an appealable interlocutory order. We directed John to show how we have jurisdiction over this appeal. John has filed a response but has not demonstrated grounds for continuing the appeal.

Because there is no final judgment or appealable order presented for review, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

Per Curiam

3