

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00181-CV

---

CAROL JANE OAKLEY, APPELLANT

V.

ESTATE OF PHILIP ANDREW OAKLEY, DECEASED; AND BRUCE OAKLEY,
INDEPENDENT EXECUTOR OF THE ESTATE OF PHILIP ANDREW OAKLEY,
DECEASED; APPELLEES

---

On Appeal from the County Court at Law No. 3
Comal County, Texas
Trial Court No. 2021-PC-0621, Honorable Deborah Wigington, Presiding

---

June 13, 2024

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Carol Jane Oakley, proceeding pro se, appeals from two summary judgment orders.[1]  Because there is no final judgment in this case and the summary

---

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001.

judgment orders are not immediately appealable, we dismiss the appeal for want of jurisdiction.

## Background

This appeal arises from probate proceedings concerning the estate of Philip Andrew Oakley. During probate, Carol filed a notice of interest against Philip's estate, claiming to be his wife.[2] In response, Appellee, Bruce Oakley, independent executor of Philip's estate, filed a petition for declaratory judgment seeking a declaration that Carol's claim against the estate was invalid and that Philip was the sole owner of certain real property at issue. Bruce also sued Carol pursuant to Chapter 12 of the Civil Practice and Remedies Code for allegedly asserting a fraudulent lien or claim against real property. He sought attorney's fees under both actions.

As a result of Carol's claim against Philip's estate, Appellees, Roger and Linda Fruendt, filed a petition in intervention seeking a declaration that Carol has no interest in a tract of land they purchased from Philip.

Both Bruce and the Fruendts moved for summary judgment on their declaratory judgment actions. On March 1, 2023, the trial court granted the Fruendts summary judgment, quieting title to their property and decreeing that Carol owned no interest in said property.[3] The order contained no finality language. That day, the trial court also granted Bruce's motion for summary judgment. The trial court's order removed Carol's

---

[2] Carol alleges that Philip forged her signature on a divorce decree that purportedly dissolved their marriage in 2005.

[3] The trial court later signed a nunc pro tunc order correcting a scrivener's error.

cloud on the title of the subject property and released funds from its sale to Bruce.  The order states that it "finally disposes of all parties and all claims and is appealable," but also that a "[h]earing for attorney's fees shall be scheduled for evidence to be presented . . ."  The summary judgment order does not address the attorney's fees requested by Bruce as part of his declaratory action, nor does it address his fraudulent lien claim against Carol.  Carol appealed both orders.

Analysis

We have jurisdiction to hear an appeal from a final judgment or from an interlocutory order made immediately appealable by statute.  *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998) (per curiam).  "[W]hen there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann*, 39 S.W.3d at 205–06.  "[C]ourts cannot find facial finality with anything less than an unequivocal expression*." In re Lakeside Resort JV, LLC,* No. 22-1100, 2024 Tex. LEXIS 342, at *12 (Tex. May 10, 2024).  Therefore, finality language must be clear, unequivocal, and unmistakable, removing any doubt about its effect.  *In re R.R.K.*, 590 S.W.3d 535, 543 (Tex. 2019).

The order granting Bruce's motion for summary judgment does not contain unequivocal finality language as it expressly contemplates further proceedings concerning the attorney's fee issue.  Without unequivocal facial finality, we must turn to the record to determine whether the summary judgment orders actually dispose of all

3

claims and parties. *Lehmann*, 39 S.W.3d at 205–06. As noted above, Bruce's request for attorney's fees under his declaratory action and his Chapter 12 fraudulent lien claim against Carol have not been resolved. Consequently. the trial court's summary judgment orders are interlocutory, and we have found no statutory authority permitting their appeal.

By letter of May 21, 2024, we notified the parties that it did not appear we have jurisdiction over this appeal. Both parties filed a response. Carol argues that a final judgment has been entered but fails to identify any language in the summary judgment order that "clearly and unequivocally" disposes of all claims and parties or anything in the record effectively doing so. *See Lehmann*, 39 S.W.3d at 205–06. Bruce acknowledges that a jurisdictional issue exists.

For the reasons set forth above, we conclude that there is no final judgment or appealable order presented for review. We, therefore, dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

Per Curiam