# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-25-00655-CV

---

**Mark Smith, Appellant**

**v.**

**Steptoe & Johnson PLLC, Appellee**

---

### FROM THE 455TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-25-002142, THE HONORABLE DON R. BURGESS, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant Mark Smith filed a notice of appeal challenging "the trial court's order signed on July 30, 2025, which vacated the Final Default Judgment entered on July 25, 2025." Upon initial review, the Clerk of this Court sent Smith a letter informing him that this Court appears to lack jurisdiction over the appeal because the July 30, 2025 "Order Vacating Default Judgment" in the clerk's record does not appear to be a final and appealable judgment, and our jurisdiction is limited to appeals in which there exists a final or appealable judgment or order. *See* Tex. Civ. Prac. & Rem. Code § 51.012; *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (explaining that appeal generally may only be taken from final judgment that disposes of all pending parties and claims in record unless statute provides for interlocutory appeal).

The Clerk requested a response from Smith explaining any basis that exists for this Court's jurisdiction. Smith filed a response, a corrected response, and a supplemental

response. In those responses, he contends that the trial court's July 30 order is reviewable on appeal because it sets aside a judgment that was final and appealable.[1] He further asserts that appellee Steptoe & Johnson PLLC had not filed a post-judgment motion, and that in the absence of such a motion, the trial court could not sua sponte vacate its final judgment that had been granted in his favor. Although Smith asserts that "Texas law is clear" on this point, he does not refer the Court to any supporting case law or other authority.[2]

The Texas Rules of Civil Procedure provide that "[t]he trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed." Tex. R. Civ. P. 329b(d). In this case, the trial court signed the order granting default judgment on July 25, 2025, and the order vacating the default judgment five days later, on July 30, 2025.

The trial court's July 30 order vacating the default judgment is not an appealable interlocutory order because it does not finally dispose of all claims and all parties. *See Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998) ("Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction."); *see also* Tex. Civ. Prac. & Rem. Code § 51.014 (specifically permitting appeal of various interlocutory orders but not permitting appeal from order vacating default judgment). Instead, the July 30 order denied Smith's motion for default judgment, leaving in place his claims against Steptoe & Johnson.

---

[1] In addition, Smith filed a "Motion to Declare Vacatur of Final Default Judgment Void for Lack of Jurisdiction." The Court dismisses that motion as moot.

[2] Smith more fully develops these assertions in his motion to declare the trial court's order void. However, the cases cited in the motion do not support his argument that a

Accordingly, for the reasons explained above, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

Gisela D. Triana, Justice

Before Justices Triana, Kelly, and Theofanis

Dismissed for Want of Jurisdiction

Filed: October 7, 2025

---

post-judgment motion is required for the trial court to exercise its plenary power to vacate a default judgment.