# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-25-00705-CV

---

**In the Interest of M. O. W.**

---

### FROM THE 126TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-FM-24-008870, THE HONORABLE MARY ANN MORTON, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant Oliver Densil Watts filed a notice of appeal from the trial court's September 11, 2025 order "denying his Special Appearance and Motion to Dismiss" and stated the appeal is taken "pursuant to Tex. Civ. Prac. & Rem. Code § 51.014(a)(7) and Tex. R. App. P. 28.1."[1]  The underlying suit arises from a Uniform Interstate Family Support Act Petition filed by the Attorney General of Texas pursuant to Texas Family Code Chapter 159.

Upon initial review, the Clerk of this Court sent Watts a letter informing him that this Court appears to lack jurisdiction over the appeal because the September 11, 2025 order in the clerk's record does not appear to be a final or appealable judgment or order, and our jurisdiction is limited to appeals in which there exists a final or appealable judgment or order. *See* Tex. Civ. Prac. & Rem. Code § 51.012; *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (explaining that appeal generally may only be taken from final judgment that

---

[1]  Watts describes the order as the "September 10, 2025" order denying his special appearance and motion to dismiss, but the trial court signed the order on September 11, 2025.

disposes of all pending parties and claims in record unless statute provides for interlocutory appeal). The Court explained that the statute upon which Watts relies in this case expressly precludes an interlocutory appeal from the denial of a defendant's special appearance in a suit brought under the Family Code. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(7) (permitting interlocutory appeal from trial court's order granting or denying "the special appearance of a defendant under Rule 120a, Texas Rules of Civil Procedure, *except in a suit brought under the Family Code*" (emphasis added)).

The Clerk requested a response from Watts explaining any basis that exists for this Court's jurisdiction. Watts filed a response and a supplemental response. In his responses, in addition to arguing the merits of his special appearance, he contends that the trial court's September 11, 2025 order is reviewable on appeal because "not every matter located within the Family Code qualifies as a 'suit brought under' it." He argues that Uniform Interstate Family Support Act actions "are statutory civil enforcement proceedings between states, governed procedurally by the Texas Rules of Civil Procedure rather than by the Title 5 family-relations framework." Watts cites cases that he argues support this proposition or that he asserts are examples of cases where Texas courts have entertained interlocutory appeals from denials of special appearances in family-related cases. Some of these cases appear to be AI hallucinations—they do not exist. The remaining ones do not support the propositions of law that he asserts they do. We have found no case allowing an interlocutory appeal from a trial court's order denying a special appearance in a Uniform Interstate Family Support Act case or any other case brought under the Family Code.

The trial court's September 11, 2025 order is neither a final, appealable order nor an appealable interlocutory order. *See Lehmann*, 39 S.W.3d at 195; *Stary v. DeBord*,

967 S.W.2d 352, 352-53 (Tex. 1998) ("Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction."); *see also* Tex. Civ. Prac. & Rem. Code § 51.014§ 51.014(a)(7) (expressly excluding suits brought under Family Code from category of permissible interlocutory appeals from trial court's order granting or denying defendant's special appearance).

Accordingly, for the reasons explained above, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

Gisela D. Triana, Justice

Before Justices Triana, Kelly, and Theofanis

Dismissed for Want of Jurisdiction

Filed:  November 7, 2025