# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-25-00630-CV

**Demetrius Crockett, Appellant**

**v.**

**Aldrich 51 Apartments, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-25-001725, THE HONORABLE DON R. BURGESS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Demetrius Crockett filed a notice of appeal challenging the trial court's August 13, 2025 "Order to Issue Immediate Writ of Possession Pursuant to TRCP 510.9(c)(5)(B)(iv) and Texas Property Code § 24.0054(c)." Upon initial review, the Clerk of this Court sent Crockett a letter informing him that this Court appears to lack jurisdiction over the appeal because the August 13, 2025 order in the clerk's record does not appear to be a final and appealable judgment or order, and our jurisdiction is limited to appeals in which there exists a final or appealable judgment or order. *See* Tex. Civ. Prac. & Rem. Code § 51.012; *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (explaining that appeal generally may only be taken from final judgment that disposes of all pending parties and claims in record unless statute provides for interlocutory appeal).

The Clerk requested a response from Crockett explaining any basis that exists for this Court's jurisdiction. Crockett filed a response. In his response, he contends that the trial court's August 13, 2025 order is reviewable on appeal because it was void for lack of jurisdiction and because equitable tolling applies in light of pending constitutional and civil-rights claims now before the Texas Supreme Court.

The trial court's August 13 order to issue an immediate writ of possession does not finally dispose of all claims and all parties; the trial court's order states that "Plaintiff's claims for rent and other damages are reserved for the time of trial."[1] *See Lehmann*, 39 S.W.3d at 195. Nor is it an appealable interlocutory order. *See Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998) ("Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction."); *see also* Tex. Civ. Prac. & Rem. Code § 51.014 (specifically permitting appeal of various interlocutory orders but not permitting appeal from order to issue writ of possession).

Accordingly, for the reasons explained above, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

Gisela D. Triana, Justice

Before Justices Triana, Kelly, and Theofanis

Dismissed for Want of Jurisdiction

Filed: November 7, 2025

---

[1] The clerk's record also contains a notice that a jury trial was set for November 3, 2025.