

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-25-00216-CV

_____

LONNIE KADE WELSH, APPELLANT

V.

MICHAEL SEARCY, ET AL., APPELLEES

On Appeal from the 154th District Court
Lamb County, Texas
Trial Court No. DCV-20525-21, Honorable William C. Sowder, Presiding

April 30, 2026

MEMORANDUM OPINION

Before DOSS and YARBROUGH and PRATT, JJ.

Appellant, Lonnie Kade Welsh, proceeding pro se, appeals from the trial court's summary judgment order. Now pending before the Court is Appellees' motion to dismiss the appeal for want of jurisdiction. We grant the motion and dismiss the appeal.

**BACKGROUND**

Welsh is confined in a facility housing individuals who have been civilly committed as sexually violent predators. In 2021, Welsh filed suit against twenty-five defendants,

now Appellees, asserting numerous claims arising from his treatment at the civil commitment center. His petition alleged causes of action for: (1) violations of the Fourteenth Amendment relating to property rights; (2) an unconstitutional taking under the Fifth Amendment; (3) conversion; (4) abuse of process; (5) Fourteenth Amendment violations based on failure to train or supervise; (6) Fourteenth Amendment violations concerning freedom from restraint; (7) civil assault; (8) Fourteenth Amendment violations involving unlawful punishment; (9) false imprisonment; (10) private nuisance; (11) libel; (12) negligence; (13) Fourteenth Amendment violations for excessive force, including bystander liability; (14) invasion of privacy; and (15) intentional infliction of emotional distress.

Appellees subsequently moved for summary judgment on four of the claims: freedom from restraint, assault, excessive force and bystander liability, and false imprisonment. The trial court granted the motion for summary judgment only as to those claims.

## ANALYSIS

Appellate courts have jurisdiction to hear appeals from final judgments or from interlocutory orders made immediately appealable by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998) (per curiam). "[W]hen there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann*, 39 S.W.3d at 205–06.

2

Here, the trial court's summary judgment order does not include any finality language, nor does it dispose of Welsh's remaining claims against Appellees. *See Lehmann*, 39 S.W.3d at 205–06. Accordingly, the order is interlocutory, and we find no statutory basis permitting an interlocutory appeal. Appellees have therefore moved to dismiss the appeal for want of jurisdiction. Welsh has filed a response but failed to demonstrate grounds for continuing the appeal.

Because there is no final judgment or otherwise appealable order before the Court, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

Per Curiam